422 So.2d 824 (1982)
James Curtis McCRAE, Petitioner,
v.
Couie L. WAINWRIGHT, Respondent.
No. 61865.
Supreme Court of Florida.
September 14, 1982.
Rehearing Denied December 16, 1982.
*825 Robert H. Dillinger of Stolba, Lumley & Dillinger, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This cause is before the Court on McCrae's petition for a writ of habeas corpus and a stay of execution. Petitioner is now imprisoned under sentence of death pursuant to judgment and sentence affirmed by this Court in McCrae v. State, 395 So.2d 1145 (Fla.), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981). Petitioner raises three issues going to the legality of his judgment and sentence. The asserted grounds for relief are: (1) that the trial court committed fundamental error by not fully instructing the jury on the elements of the underlying felony in this felony murder case, (2) that petitioner's appellate counsel was ineffective in that he did not raise the asserted fundamental error on appeal, and (3) that this Court violated petitioner's rights by receiving non-record information concerning appellants in pending capital appeals.
Petitioner was charged with first-degree murder. The indictment was in two counts (though there was but one homicide), one charging premeditated murder and the other felony murder. The first count of the indictment read as follows:
[O]ne JAMES CURTIS McCRAE did unlawfully, feloniously and from a premeditated design to effect the death of one MARGARET MEARS, did strike, beat, bruise and wound the said MARGARET MEARS, thus and thereby inflicting on and upon the head or body of the said MARGARET MEARS certain mortal wounds of which said mortal wounds the said MARGARET MEARS did between October 13, 1973 and October 15, 1973 die; contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.
The second count, charging felony murder, was worded as follows:

*826 [O]ne JAMES CURTIS McCRAE did unlawfully and feloniously effect the death of MARGARET MEARS in perpetrating or attempting to perpetrate a rape, to-wit: did unlawfully and feloniously ravish and carnally know a female of more than ten (10) years of age, to-wit: MARGARET MEARS by force and against her will, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.
For the count charging petitioner with premeditated murder, the court instructed the jury in accordance with the standard jury instructions. With regard to the second count, charging felony murder, the court gave the following general felony murder instruction:
The killing of a human being in committing, or in attempting to commit any arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping is murder in the first degree even though there is no premeditated design or intent to kill.
If a person kills another while he is trying to do or commit any arson, rape, robbery, burglary, the abominable detestable crime against nature or kidnapping, or while escaping from the immediate scene of such crime the killing is in the perpetration or in the attempt to perpetrate such arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping and is murder in the first degree.
The instructions to the jury also included a reading of the indictment as set out above. The indictment was given to the jury, along with the forms for the verdict, to take with it into deliberations. The second count of the indictment, charging felony murder, specified the underlying felony and defined it in terms of its essential elements.
The trial court, in instructing the jury on the form of the verdict, advised that the jury could return a verdict as to the two counts collectively or individually. The court provided separate verdict forms for verdicts of (1) not guilty, (2) guilty on both count one and count two, (3) guilty on count one, (4) guilty on count two, and (5) guilty of lesser included offenses. The jury returned a verdict finding petitioner guilty as charged in count two, the felony murder count. The other verdict forms were left blank.
Petitioner argues that under State v. Jones, 377 So.2d 1163 (Fla. 1979), and Robles v. State, 188 So.2d 789 (Fla. 1966), the trial court erred fundamentally in not instructing the jury on the elements of the underlying felony. Robles and Jones are based on the principle that a jury cannot properly find a defendant guilty of felony murder without knowing precisely what conduct constitutes the underlying felony. We find that the instruction was adequate and there was no fundamental error.
In Vasil v. State, 374 So.2d 465 (Fla. 1979), the defendant was charged with felony murder involving the crime of rape. On appeal, Vasil argued that the court had erred in failing to fully define the underlying felony of rape. The court charged the jury on felony murder and rape as follows:
If a person kills another in trying to do or commit any rape, or while escaping from the immediate scene of such crime, the killing is in perpetration of or in the attempt to perpetrate such crime.
It is the crime of rape to ravish or carnally know a female person of the age of eleven years or more by force and against her will.
In appealing his conviction to this Court the defendant argued that the above definition was not sufficient to inform the jury of the elements of the underlying felony of rape. In response to that argument the Court held that:
The trial court, in instructing the jury on the underlying felony, recited all of the elements of the crime of rape. It is not necessary to instruct on the elements of the underlying felony with the same particularity that would be required if that offense were the primary crime charged. See Robles v. State, 188 So.2d 789 *827 (Fla. 1966). The instruction on the underlying felony was adequate.
The same principle applies here.
In the instant case, the trial court failed to include an instruction on the elements of rape in its charge to the jury, but did announce to the jury the specific language contained in the second count of the indictment. As in Vasil, the jury was apprised of the essential elements of the underlying felony. Therefore the trial court complied substantially with Robles and Jones.
Since there was no fundamental error which would have mandated reversal on appeal, petitioner's second contention  that his appellate counsel rendered ineffective assistance by failing to raise the fundamental error on appeal  is also without merit. Under the standards announced in Knight v. State, 394 So.2d 997 (Fla. 1981), petitioner has failed to establish ineffective assistance of counsel.
As his third ground for habeas corpus relief, petitioner asserts that this Court requested and received ex parte information concerning appellants in capital appeals during the time when his appeal was pending here. We considered and rejected this argument in Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). There we held that the allegations of receipt and consideration of such information by appellate judges, even if true, did not establish error which would entitle the petitioners to habeas corpus relief.
Having determined that petitioner is not entitled to habeas corpus relief we deny the petition.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
OVERTON, SUNDBERG and McDONALD, JJ., dissent.