439 So.2d 868 (1983)
James Curtis McCRAE, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 63796.
Supreme Court of Florida.
September 15, 1983.
Rehearing Denied November 17, 1983.
*869 Robert H. Dillinger of Akerson, Swisher, Dillinger & Brett, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., George R. Georgieff, Asst. Deputy Atty. Gen., Tallahassee, and Peggy Quince, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This cause is before the Court on petition for a writ of habeas corpus. The petitioner is a state prisoner under sentence of death. On June 13, 1983, in case no. 63,797, we stayed execution of the sentence for reasons unrelated to this habeas corpus proceeding.
Petitioner's conviction of first-degree murder and sentence of death were previously the subject of an appeal to this Court and were affirmed. McCrae v. State, 395 So.2d 1145 (Fla. 1981). The United States Supreme Court denied a petition for further review by writ of certiorari. McCray v. Florida, 454 U.S. 1041, 102 S.Ct. 583, 90 L.Ed.2d 486 (1981). Subsequently, petitioner sought a writ of habeas corpus from this Court and we denied relief. McCrae v. Wainwright, 422 So.2d 824 (Fla. 1982).
In the present petition the prisoner argues: (1) that he was denied the effective *870 assistance of counsel on appeal by the failure of his appeal counsel to raise as a challenge to the validity of the conviction and sentence the issue of a conflict of interest, within the public defender's office, between petitioner and a witness who testified for the state at the trial; (2) that he was denied due process of law at trial and effective assistance of counsel on appeal by the giving at trial, and the failure to challenge on appeal, of "incorrect and misleading" jury instructions; and (3) that he was denied due process of law at trial and effective assistance of counsel on appeal by the failure of the trial court to instruct the jury, and the failure of appellate counsel to raise the failure to instruct, that an accused is presumed innocent of the underlying felony in a felony murder case. Finding petitioner's arguments to be without merit, we deny the petition for a writ of habeas corpus.
Appellant's first argument as set out above is that the lawyer who argued his appeal unreasonably failed to raise a challenge on the ground of dual representation of both appellant and a principal state witness by the same public defender's office. The purpose of the ancient and high prerogative writ of habeas corpus is to inquire into the legality of a prisoner's present detention. E.g., Frizzell v. State, 238 So.2d 67 (Fla. 1970); Sneed v. Mayo, 69 So.2d 653 (Fla. 1954). Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal. Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980); State ex rel. Copeland v. Mayo, 87 So.2d 501 (Fla. 1956). Allegations of ineffective appellate counsel therefore should not be allowed to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal. We need not and will not treat the merits of the dual representation claim.
The asserted violation of principles against conflict of interest in legal representation does not appear to be so important to the fairness of the trial that if appellate counsel had raised it, the argument would clearly have compelled reversal by the appellate court. Indeed, it is not even clear that the appellate court would have been bound to consider the issue since it was not raised by some kind of motion or objection at trial. See Castor v. State, 365 So.2d 701 (Fla. 1978). Because of limitations of time, space, and human energy, a lawyer briefing an appeal must choose from all the conceivable arguments those arguments most likely to bring about a favorable outcome. The decision not to argue the issue of dual representation could have been a tactical choice based on the need to concentrate time and effort on those arguments which counsel regarded as most likely to achieve success. We therefore find that petitioner has not identified a "specific omission or overt act" constituting "a substantial and serious deficiency measurably below" the standard of performance expected of competent counsel. Knight v. State, 394 So.2d 997, 1001 (Fla. 1981).
Petitioner's second argument as set out above is that he was denied (a) due process of law at trial, and (b) effective assistance of counsel on appeal, by reason of, respectively, improper jury instructions and the failure to challenge them on appeal. The question of denial of due process by improper jury instructions at trial is an issue that could have been raised at trial and on appeal and therefore should not be considered on habeas corpus unless the error was so substantial as to have rendered the trial fundamentally unfair. See Hargrave v. Wainwright; State ex rel. Copeland v. Mayo. Of course, since there was no objection to the instruction given at trial and no request for a different instruction, the issue could not have been raised on appeal in the absence of fundamental unfairness. A prisoner who seeks relief in a collateral proceeding based on a jury instruction not challenged by objection at trial has the burden of proving that the instruction given affected the trial in such a way as to render the trial fundamentally unfair. United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, *871 71 L.Ed.2d 783 (1982). As will be seen from the discussion that follows, petitioner has not carried this burden.
Since there was no objection to the instruction at trial, appellate counsel could only have obtained review of the issue on appeal by convincing the appellate court that the instruction caused fundamental unfairness. If there was no chance of convincingly arguing fundamental unfairness, then appellate counsel's not raising the issue should not be considered a serious and substantial deficiency.
Petitioner argues that the instruction on felony murder rendered the trial unfair because it might have seriously confused the jury on an important matter the jury was called upon to decide. Specifically, he argues that the failure to fully define the underlying felony of rape, together with the inclusion of references to the out-dated, unconstitutional offense of "the abominable and detestable crime against nature," confused the jury on the elements of the underlying felony. Since it was never made clear by the testimony whether the perpetrator had sexual intercourse with the victim before or after the victim's death, petitioner says, it was not clear to the jury whether the offense of rape was ever committed. At the same time, petitioner says, inclusion of reference to "the abominable and detestable crime against nature" in the definition of felony murder, which offense was stricken from the statutes for vagueness, Franklin v. State, 257 So.2d 21 (Fla. 1971), may have led the jury to believe that this latter offense could be proven by evidence of sexual violation of a dead body. Petitioner's argument is without merit.
We held in the previous habeas corpus proceeding regarding this same prisoner that although a detailed instruction on the elements of rape was not included in the jury instructions proper, the essential elements of the offense of rape for felony murder purposes were set before the jury by means of the reading of count two of the indictment. McCrae v. Wainwright, 422 So.2d 824 (Fla. 1982). The pertinent definition of the offense of felony murder in the first degree is "the killing of a human being ... when committed by a person engaged in the perpetration of, or in the attempt to perpetrate" any of the enumerated possible underlying felonies, including "rape." § 782.04(1)(a), Fla. Stat. (1973). Therefore, it was not necessary, in order to find petitioner guilty of felony murder, for the jury to find that petitioner committed the crime of rape, if it could have concluded that he attempted to commit the crime of rape.
From the fact that the attacker did in fact have sexual union with the body of the victim, either before or after her death, the jury could have inferred that rape was what he intended to do. The overt act of sexual violation, whether the victim was alive or dead, together with the intent inferable from the circumstances, were sufficient to prove the crime of attempted rape if in fact the jury believed that the victim was dead. Since it was later unclear from the expert testimony whether the victim was alive or dead at the time, the jury could have concluded that appellant believed she was alive or at least that he originally set out to have forced sexual contact with her while she lived. The fact that a rape may not have occurred because the intended victim was dead at the time of the actual penetration would not have changed the attacker's intent, which was properly inferable from the evidence. We therefore conclude that there was no possibility of confusion caused by the reference to "the abominable and detestable crime against nature" in the felony murder instruction. Petitioner's suggestion that the jury might have ascribed to those words a definition which they have never been given by the law is based upon speculation of the most fanciful kind. Since the instruction did not render the trial fundamentally unfair and was not objected to, the issue would not have been cognizable on appeal. Therefore, the failure of appellate counsel to challenge it on appeal was not a serious and substantial deficiency.
Petitioner's final argument is that he was denied due process of law at trial by the failure of the trial court to *872 instruct the jury that the accused is presumed innocent of the underlying felony in a felony murder case and was denied effective assistance of counsel on appeal by the failure to raise the issue on appeal. Looking to authorities already discussed in this opinion, we conclude that the absence of an instruction not requested at trial can only provide a basis for habeas corpus relief if the omission rendered the trial fundamentally unfair. Petitioner has not shown that the relied-upon omission caused fundamental unfairness and therefore his due process claim must fail. For the same reason his ineffective appellate counsel claim must also be rejected. Since there was no request at trial, the issue would not have been cognizable on appeal in the absence of fundamental unfairness. Since there was no fundamental unfairness, appellate counsel was not required to perform the futile gesture of arguing the question, but could have reasonably decided to concentrate his efforts on other matters offering greater hope of benefit to his client. There was no deficiency in appellate counsel's performance in connection with this matter.
As explained in the foregoing opinion, we find all of petitioner's claims to be without merit. The petition for writ of habeas corpus is therefore denied.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
McDONALD, J., concurs specially with an opinion, in which OVERTON, J., concurs.
SHAW, J., dissents.
McDONALD, Justice, specially concurring.
In McCrae v. Wainwright, 422 So.2d 824 (Fla. 1982) I dissented to the denial of a previously filed petition for habeas corpus because I felt that fundamental error was committed by the trial judge when he failed to define the underlying felony of sexual battery, and McCrae's appellate counsel was derelict in not raising that issue. The majority of the Court ruled otherwise. While I still adhere to that belief, I see nothing new in the present petition sufficient to support relief. I do not embrace the language of the majority opinion filed herein, but concur in the denial of relief predicated on this new petition.
OVERTON, J., concurs.