473 So.2d 1244 (1985)
Leo Alexander JONES, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 66505.
Supreme Court of Florida.
June 13, 1985.
Rehearing Denied September 5, 1985.
*1245 Robert J. Link of Goodstein & Link, Jacksonville, for petitioner.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
This is a petition for habeas corpus alleging ineffective assistance of appellate counsel. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. For the reasons discussed below, we deny the petition for habeas corpus.
Jones was convicted of the first-degree murder of a Jacksonville police officer. On direct appeal, this Court affirmed his conviction and sentence of death. Jones v. State, 440 So.2d 570 (Fla. 1983).
In his petition Jones alleges that he was denied the effective assistance of counsel in proceedings before this Court at the time of his direct appeal. Jones argues that his appellate counsel failed to raise or adequately address issues which, if raised and properly argued, would have required the reversal of his conviction and death sentence and a new trial and sentencing hearing. The standard by which this Court reviews a claim of ineffective assistance of counsel involves whether an act or omission specified constituted a serious and substantial deficiency falling below the standard of performance required of appellate counsel, and if so, whether the deficiency in performance prejudiced the essential fairness and reliability of the appeal. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Downs v. State, 453 So.2d 1102 (Fla. 1984).
Petitioner first argues that his appellate counsel was ineffective because he should have argued on appeal that petitioner's constitutional rights were violated by improper, inflammatory, and prejudicial arguments presented by the prosecutors in the guilt phase summation of the trial. These arguments concerned, inter alia, the prosecutor's personal belief in the guilt of the defendant, appeals to sympathy for the victim and his family, and "golden rule" arguments that presented the shooting of a police officer as a crime against the jurors themselves. Most of the prosecutor's comments about which Jones complains were not objected to at trial; therefore, in the absence of fundamental error, appellate review is precluded. Johnson v. State, 463 So.2d 207 (Fla. 1985); Castor v. State, 365 So.2d 701 (Fla. 1978). Counsel was not ineffective for not raising an issue which had no chance of success on appeal. In any event, counsel's failure to argue the impropriety of these comments on appeal was not so egregious as to prejudice the fairness and reliability of the appellate process. The trial judge found no prejudice flowing from the prosecutor's comments where objection was made. Even if the judge was in error, it was harmless error.
Petitioner next argues that appellate counsel was ineffective because he failed to argue that the trial judge erred in allowing the sheriff of Jacksonville to testify that the killing of a police officer affects the ability of the police department to carry out its duties. This testimony was not *1246 objected to at trial and cannot be raised for the first time on appeal. Johnson, Castor. Likewise, we cannot say that counsel was ineffective for failing to raise this issue on appeal.
Finally, petitioner contends that appellate counsel should have argued that the trial judge and the prosecutor improperly limited the jury's consideration of mitigating factors in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). The claim itself is without merit; therefore, appellate counsel's failure to argue it does not constitute a serious and substantial deficiency measurably below that of competent counsel.
First, the claim is not made that the trial judge and prosecutor limited the jury's consideration to only the statutorily enumerated mitigating circumstances. Rather, it is conceded that the jury was informed that any evidence of defendant's character may be considered a mitigating factor. Second, there is no argument that defense counsel was not in fact allowed to present any evidence relating to possible nonstatutory mitigating circumstances. Third, the instruction as given was not incorrect, and in any event, was not objected to at trial and thus is not preserved for appeal. Castor. See also Middleton v. Wainwright, 465 So.2d 1218 (Fla. 1985).
All of petitioner's points are without merit; therefore, the petition for habeas corpus is denied.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.