527 So.2d 190 (1988)
Ernesto SUAREZ, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Ernesto SUAREZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 72467, 72549.
Supreme Court of Florida.
June 14, 1988.
*191 Larry Helm Spalding, Capital Collateral Representative, Tallahassee, and Martin J. McClain, Carlo Obligato and Judith J. Dougherty, Office of the Capital Collateral Representative, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Robert J. Krauss and Davis G. Anderson, Asst. Attys. Gen., Tampa, for respondent/appellee.
PER CURIAM.
Suarez, currently under a death warrant, petitions the Court for a writ of habeas corpus and requests a stay of execution. Suarez also seeks review of the denial by the trial court of his motion to disqualify the trial judge and his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, sections 3(b)(1) and (3)(b)(9), Florida Constitution.
Suarez was found guilty of the first degree premeditated murder of a police officer in Collier County. The jury recommended and the trial court sentenced him to death for the crime. On direct appeal, this Court affirmed Suarez' conviction and sentence. Suarez v. State, 481 So.2d 1201 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986). The governor recently signed a death warrant on Suarez, prompting the instant petition and motions.

Motion to Disqualify Judge and Rule 3.850 Motion
Suarez filed a motion to disqualify Judge Hugh D. Hayes, who presided at the trial conducted March 14-26, 1984, and who was assigned to hear the motion to vacate judgment and sentence. The motion alleged that Judge Hayes should disqualify himself because (1) he would be a necessary and material witness in regard to one of the claims set forth in the Rule 3.850 motion and (2) public statements by Judge Hayes show prejudice against Suarez resulting in the prejudgment of issues adverse to Suarez prior to the taking of evidence. The motion alleges that the trial judge indicated a predisposition against Suarez on three instances during the trial and that subsequent to trial the judge continued making public expressions demonstrating a special interest in the speedy execution of the death sentence in Suarez' case in a letter addressed to the Florida Parole and Probation Commission and in statements attributed to the judge in a newspaper report.
The trial judge indicated that he would not hear the motion to disqualify until June 1, 1988, the date set for hearing argument on the Rule 3.850 motion. On this date, the trial judge denied the motion to disqualify. The trial judge then continued the hearing and heard argument and received evidence on the Rule 3.850 motion, after which the Rule 3.850 motion and application for stay of execution were also denied.
The judge with respect to whom a motion to disqualify is made may only determine whether the motion is legally sufficient and is not allowed to pass on the truth of the allegations. Livingston v. State, 441 So.2d 1083 (Fla. 1983); Bundy v. Rudd, 366 So.2d 440 (Fla. 1978). As we noted in Livingston, "a party seeking to disqualify a judge need only show `a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling.'" 441 So.2d at 1086, quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (Fla. 1938).
*192 We find that the trial judge erred in denying the motion to disqualify him. We find no merit to any of the allegations except to those addressed to the news item. We agree with appellant that the allegation in the motion that the nature of the statements attributed to Judge Hayes in the Naples Daily News on April 4, 1988 established that the judge was prejudiced against Suarez, was legally sufficient to demonstrate a basis for relief and the motion should have been granted.[1] Fla.R. Crim.P. 3.230. These statements were made subsequent to the signing of the death warrant by Governor Martinez. We agree with Suarez that these statements are sufficient to warrant fear on his part that he would not receive a fair hearing by the assigned judge.
We therefore vacate the denial of the Rule 3.850 motion and remand with directions to conduct a new proceeding on the Rule 3.850 motion within sixty (60) days. The chief judge of the Twentieth Judicial Circuit shall assign another judge within the circuit to preside over the proceedings.
Based on our resolution of the motion to disqualify, the merits of the Rule 3.850 motion are moot. Due to the time limits set forth in the warrant, however, we grant Suarez' application for stay of execution pending a new proceeding on the Rule 3.850 motion.[2]

Petition for Writ of Habeas Corpus
Suarez raises numerous claims in his petition for writ of habeas corpus. Apart from the claims relating to ineffective assistance of appellate counsel, the other claims either were raised on direct appeal or should have been raised on direct appeal and are procedurally barred.[3] As this Court has previously recognized, "habeas corpus is not a vehicle for obtaining a second appeal of issues which were raised, or should have been raised, on direct appeal or which were waived at trial." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).
Suarez raises several claims regarding alleged ineffective assistance of appellate counsel. As this Court has previously noted, when entertaining a petition for writ of habeas corpus based on a challenge of ineffective assistance of appellate counsel, the issue before us is limited to "first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably *193 outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Pope v. Wainwright, 496 So.2d 798, 800 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987).
Suarez first claims that his appellate counsel was ineffective for failing to raise on direct appeal the alleged erroneous denial of his motion for judgment of acquittal as to the premeditated element of the offense because the evidence of premeditation was legally insufficient. We find that Suarez' allegation on this issue fails to meet the first prong of the test for ineffectiveness. The record reveals sufficient evidence upon which to submit the issue of first degree premeditated murder to the jury and upon which the jury could have reasonably based its verdict. The failure of appellate counsel to brief an issue which is without merit is not a deficient performance which falls measurably outside the range of professionally acceptable performance. See Card v. State, 497 So.2d 1169, 1177 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987).
The next claim raised by Suarez is that he received ineffective assistance of appellate counsel due to the failure of appellate counsel to raise, on direct appeal, trial counsel's abandonment of the theory of not guilty by reason of insanity. The gravamen of this issue, in effect, is ineffective assistance of trial counsel. As this Court recently noted in Blanco, ineffective assistance of trial counsel is generally not cognizable on direct appeal. Rather, a more proper and effective remedy is a claim of ineffective assistance of trial counsel pursuant to Rule 3.850. Appellate counsel cannot be faulted for preserving the more effective remedy and eschewing the less effective. 507 So.2d at 1384. The claim of abandonment of the insanity defense has properly and more effectively been raised by Suarez under 3.850 as a claim of ineffective assistance of trial counsel. Accordingly, we find this claim meritless.
The third claim alleging ineffective assistance of appellate counsel involves appellate counsel's failure to argue on direct appeal the trial court's failure to instruct the jury on accessory after the fact as to the robbery charge and self-defense with respect to the homicide charge. Because trial counsel failed to object to the absence of the instructions the matter was not properly preserved and appellate counsel could not have raised the issue of erroneous instructions on direct appeal. Accordingly, Suarez has failed to demonstrate a deficient performance on the part of appellate counsel in regard to this claim. See Martin v. Wainwright, 497 So.2d 872, 874 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1965, 95 L.Ed.2d 536 (1987).
The final claim of ineffective assistance of appellate counsel involves counsel's failure to challenge on appeal the trial court's refusal to grant a change of venue due to pretrial publicity. There is no claim that the jury, as constituted, did not accord Suarez a fair and reliable trial. Suarez, therefore, has failed to establish prejudice, the second prong of the test for ineffectiveness.
We find no merit in the claims of the petitioner. Accordingly, we deny the petition for writ of habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which McDONALD, C.J., and OVERTON and KOGAN, JJ., concur.
EHRLICH, Justice, concurring specially.
It is trite but true to say that judges must be circumspect and careful at all times in their utterances, oral or written, because it is so easy to construe a statement, although innocently made and made in the abstract, as applicable to a matter *194 that may come up before the court at a later time and thereby be indicative of a prejudice by the judge as to the matter at hand. No matter that the judge was not prejudiced, the perception is there and cannot be obliterated by protestation or denial, and the judicial and impartial effectiveness of the judge as to that matter is destroyed for all time.
The interview in question is a classical example of the verity and wisdom of this admonition.
McDONALD, C.J., and OVERTON and KOGAN, JJ., concur.
NOTES
[1] The statements, which Judge Hayes stated were properly attributed to him, were:

Hayes said today he was pleased with the governor's decision. "And it's fine with me if this one is the first they actually do impose (immediately)," he said.
Normally, attorneys file appeals and petitions to postpone the execution. Inmates can remain on death row for years before the sentence is carried out.
"There's a point where enough is enough," Hayes said. "But no one ever seems to know when that point is."
Hayes does not believe this case merits postponements.
Naples Daily News, April 22, 1988, at 3A (emphasis added).
[2] Pursuant to the warrant signed by Governor Martinez on April 21, 1988, Suarez' execution was scheduled for June 22, 1988.
[3] The following claims either were, or should have been, raised on direct appeal:

1. Trial court erred in denying Suarez' motion for judgment of acquittal as to the premeditated element of the offense due to insufficient evidence of premeditation.
2. Trial court erred in instructing jury on aggravating factors which have been held to constitute "improper doubling".
3. Trial court erred in finding, as an aggravating factor, that Suarez knowingly created a great risk of death to many persons.
4. A proper proportionality review by the Florida Supreme Court requires reduction of the sentence to life imprisonment.
5. Trial court failed to independently weigh aggravating and mitigating circumstances and arbitrarily ignored nonstatutory mitigating evidence.
6. Voluntariness and admissibility of statements obtained in violation of Fla. Bar Code Prof. Resp., DR 7-104(a)(1).
7. Suarez' privilege against self-incrimination was violated when trial court required him to testify as a condition precedent to the defense being permitted to call an expert witness.
8. Trial court failed to sua sponte grant a mistrial after Suarez' motion for severance was granted.
9. Trial court failed to properly admonish the jury regarding discussion of the case or exposure to extrajudicial matters.