533 So.2d 290 (1988)
Leo Alexander JONES, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 73281.
Supreme Court of Florida.
November 10, 1988.
*291 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Leo Alexander Jones, a state prisoner under a death warrant, petitions this Court for a stay of execution and a writ of habeas corpus. We have jurisdiction. Art. V, §§ 3(b)(1), 3(b)(5), Fla. Const.
Jones was convicted of first-degree murder in the sniper shooting of Thomas J. Szafranski, a Jacksonville police officer. The trial judge followed the jury recommendation and sentenced Jones to death. The conviction and sentence were affirmed. Jones v. State, 440 So.2d 570 (Fla. 1983). Jones later petitioned this Court for a writ of habeas corpus, which was denied. Jones v. Wainwright, 473 So.2d 1244 (Fla. 1985). He then made a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure. The trial court denied the motion, and this Court affirmed. Jones v. State, 528 So.2d 1171 (Fla. 1988). In order to address Jones' current petition, we have stayed his execution until noon, November 14, 1988.
Jones' primary argument is based on the recent decision of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). In that case, the United States Supreme Court held that introduction of victim impact evidence to a capital punishment sentencing jury violated the eighth amendment to the United States Constitution.
Jones argues that victim impact evidence was improperly introduced into his case in two ways. First, during the penalty phase proceeding, the state presented testimony from the Duval County sheriff to the effect that the sheriff's office was "like a family" and that an officer's death affects a department's operations. Jones also points out that the presentence investigation report contained biographical information about the slain police officer which was necessarily considered by the trial judge because the sentencing order concludes with a eulogy containing this information entitled, "Lest We Forget Thomas J. Szafranski."
The state argues that the sheriff's testimony was not victim impact evidence but was rather directed to the aggravating circumstance of "interference with a governmental function." Further, the state says that the eulogy was no more than a tribute to the slain officer and did not play a part in the judge's determination to sentence Jones to death.
In Grossman v. State, 525 So.2d 833 (Fla. 1988), petition for cert. filed (July 25, 1988), the defendant relied upon Booth for the argument that the presentation of victim impact evidence to the sentencing judge tainted his sentence of death. We *292 pointed out that Booth was decided in light of the Maryland practice in which a jury is the sentencing authority, whereas in Florida the jury makes only an advisory recommendation to the judge who passes the ultimate sentence. Nevertheless, in view of Booth, we held that henceforth victim impact evidence should not be considered by the judge or the jury in death penalty sentencing.
In Grossman we then considered whether a defendant's failure to object to the introduction of the victim impact evidence was a procedural bar to raising the issue on appeal. We held:
Victim impact is not one of the aggravating factors enumerated in section 921.141. We have previously held that "[t]he aggravating circumstances, specified in the statute are exclusive, and no others may be used for that purpose." Miller [v. State], 373 So.2d 882 at 885 [(Fla. 1979)]. Thus, appellant was entitled to object to the introduction of the evidence. The state correctly points out that appellant made no objection, whereas in Booth there was an objection to such evidence. There is nothing in the Booth opinion which suggests that it should be retroactively applied to the cases in which victim impact evidence has been received without objection. Except for fundamental error, an appellate court will not consider an issue unless it was presented to the lower court. Steinhorst v. State, 412 So.2d 332 (Fla. 1982). Therefore, we hold that by his failure to make a timely objection, appellant is procedurally barred from claiming relief under Booth.

525 So.2d at 842.
Like Grossman, Jones failed to object to either the sheriff's testimony or the biographical information contained in the presentence investigation report. Therefore, if Grossman was procedurally barred on direct appeal, there can be no question that Jones is barred from raising this point for the first time in his second petition for habeas corpus. Jones' reliance on Scull v. State, 533 So.2d 1137 (Fla. 1988), is misplaced. There, in the course of remanding a capital felony case for resentencing, we simply reminded the trial judge that pursuant to Grossman, victim impact evidence may no longer be considered in capital sentencing proceedings.
Jones also raises a number of other issues which merit only brief mention:
1. A renewed attack on the aggravating circumstance of a prior conviction of a felony involving the use or threat of violence to a person. The validity of this circumstance was raised on direct appeal and any argument on this issue should have been made at that time.
2. A contention that there were improper references to pretrial psychiatric reports which were not introduced into evidence. This is a matter which should have been raised on direct appeal.
3. An assertion based on Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), that the jury's responsibility in making its sentencing recommendation was impermissibly diminished. This argument is procedurally barred because there was no objection to the statements which are said to have offended the principles of Caldwell. Moreover, this argument should have been made on direct appeal because Caldwell did not represent a change in the law upon which to justify a collateral attack. Foster v. State, 518 So.2d 901 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988).
4. A new assertion concerning the validity of the aggravating circumstance that the murder was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws. This circumstance was attacked on direct appeal, and any additional argument on the subject should have been made at that time.
5. An argument grounded on Maynard v. Cartwright, ___ U.S. ___, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that the jury instruction with respect to whether the murder was committed in a cold, calculated, and premeditated manner was overbroad. *293 Maynard dealt with the validity of a jury instruction involving the definition of heinous, atrocious, and cruel. Because Jones' killing was not found to be heinous, atrocious, and cruel, Maynard is inapplicable to this case.
6. A contention that the language of the jury instructions improperly shifted to Jones the burden of proving that the mitigating circumstances outweighed the aggravating circumstances. This argument is procedurally barred because it should have been raised on direct appeal. Clark v. State, 533 So.2d 1144 (Fla. 1988).
The petition for habeas corpus is denied. We decline to extend the stay of execution beyond noon, November 14, 1988. No motion for rehearing may be filed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
I would reach the substance of the Booth issue, grant a stay and request further briefing from the parties. The sentencing order of the trial judge reflects extensive, emotional reliance on the character and worth of the victim as well as the impact of his death upon his family and his work. I cannot say with certainty that application of the death sentence here has the necessary indicia of reliability required by law. E.g., Eddings v. Oklahoma, 455 U.S. 104, 111, 102 S.Ct. 869, 874, 71 L.Ed.2d 1 (1982). I thus believe we should reach the Booth issue notwithstanding the procedural bar upon which the majority opinion relies.