555 So.2d 355 (1990)
Amos Lee KING, Jr., Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 73360.
Supreme Court of Florida.
January 4, 1990.
*357 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Amos King, a prisoner under death sentence, petitions this Court for a writ of habeas corpus.[1] We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution, and deny the petition.
A jury convicted King of first-degree murder, and this Court affirmed his conviction and death sentence. King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981). After the governor signed King's first death warrant, the trial court denied King's motion for postconviction relief, which this Court affirmed. King v. State, 407 So.2d 904 (Fla. 1981). A federal court, however, ordered that King be resentenced. King v. Strickland, 714 F.2d 1481 (11th Cir.1983), vacated for reconsideration, 467 U.S. 1211, 104 S.Ct. 2651, 81 L.Ed.2d 358 (1984), adhered to, 748 F.2d 1462 (11th Cir.1984), cert. denied, 471 U.S. 1016, 105 S.Ct. 2020, 85 L.Ed.2d 301 (1985). On resentencing the trial court agreed with the jury's unanimous recommendation and again sentenced King to death. This Court affirmed. King v. State, 514 So.2d 354 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). The governor signed King's second death warrant in October 1988, prompting the instant proceedings.
As the first point in his petition, King argues that the trial court and the state unconstitutionally minimized his jurors' sense of responsibility in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), that the court erred in not granting his specially requested instruction regarding the jury's role in sentencing, and that appellate counsel rendered ineffective assistance by failing to raise these issues on appeal. Substantive claims based on Caldwell, such as the first two claims just listed, can and should be raised on appeal, if preserved at trial, and are, therefore, procedurally barred in postconviction proceedings. Dugger v. Adams, ___ U.S. ___, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989); Jones v. Dugger, 533 So.2d 290 (Fla. 1988). Because King's trial counsel objected regarding these issues, however, they could have been raised on appeal, thereby making the claim of ineffective assistance of appellate counsel cognizable in these proceedings.
Appellate counsel's failure "to brief an issue which is without merit is not a deficient performance which falls measurably outside the range of professionally *358 acceptable performance." Suarez v. Dugger, 527 So.2d 190, 193 (Fla. 1988). See McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983). We have previously found Caldwell inapplicable in this state and have upheld the standard instructions on the jury's role in sentencing. Combs v. State, 525 So.2d 853 (Fla. 1988); Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Because there is no merit to King's argument, appellate counsel was not ineffective in not raising these issues on appeal. Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); McCrae.
King also claims that the trial court violated Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), by refusing to allow him to introduce evidence tending to show his innocence. He argues that this refusal rendered his trial counsel's performance ineffective. Presenting these claims in a petition for habeas corpus raises several problems. Counsel raised the inability to present evidence tending to show King's innocence on appeal. It is, therefore, procedurally barred now because "habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised ... on direct appeal." White v. Dugger, 511 So.2d 554, 555 (Fla. 1987). Even though now clothed as a Hitchcock/Lockett claim, the instant issue, allowing the jurors to hear evidence which might have presented a residual or lingering doubt as to King's guilt, has been fully considered and found to be without merit. King, 514 So.2d at 358.[2]See also Franklin v. Lynaugh, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) (no constitutional right to have lingering doubts as to a defendant's guilt considered as a mitigating factor).[3] This issue presents no valid ground for postconviction relief. See Middleton v. State, 465 So.2d 1218 (Fla. 1985). Finally, this issue goes to trial counsel's performance, and claims of ineffective assistance of trial counsel should be raised under Florida Rule of Criminal Procedure 3.850, not habeas corpus. Suarez, 527 So.2d at 193.
On King's original sentencing the trial judge found his age (twenty-three years) to be a statutory mitigating circumstance. A different trial judge resentenced King, however, and did not find King's age in mitigation. King now claims that the second judge's refusal to find his age as a mitigating circumstance renders his death sentence fundamentally unreliable. This claim could and should have been raised, if at all, on direct appeal and is, therefore, procedurally barred in postconviction proceedings.
To foreclose any possible concern about appellate counsel's failing to raise the issue, however, we find that relief would not have been given on appeal. Deciding whether mitigating circumstances have been established is within a trial court's discretion. Stano v. State, 473 So.2d 1282 (Fla. 1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986). An age of twenty-something is "iffy" as a mitigating circumstance. Scull v. State, 533 So.2d 1137 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1937, 104 L.Ed.2d 408 (1989). That his first judge found King's age in mitigation did not create any vested entitlement or right requiring the second judge to accede to the first's findings. King's resentencing was a completely new proceeding, separate and distinct, from his first sentencing. A trial court is not obligated to find mitigating circumstances, Suarez v. State, 481 So.2d 1201 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986), and, contrary to King's claim, a mitigating circumstance in one proceeding is not an "ultimate fact" that collateral estoppel or the law of the case would preclude being rejected *359 on resentencing. No abuse of discretion that would have given relief on appeal is apparent in the resentencing, and nothing in the instant petition persuades us that the procedural bar should be lifted.
King argues that the trial court erred in not allowing him to introduce testimony by the executive director of the Florida Parole and Probation Commission that a life sentence for first-degree murder includes a minimum mandatory sentence of twenty-five years' imprisonment. He also claims that counsel rendered ineffective assistance by not raising this issue on appeal. Lockett requires that a sentencer "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." 438 U.S. at 604, 98 S.Ct. at 2965 (emphasis in original, footnote omitted). Lockett goes on, however, to note: "Nothing in this opinion limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense." Id. at n. 12. Testimony that King would have to serve at least twenty-five years of a life sentence is irrelevant to his character, prior record, or the circumstances of the crime. See Franklin, 108 S.Ct. at 2327 (plurality), 108 S.Ct. at 2333 (O'Connor, J., concurring in the judgment). Excluding that testimony was within the trial court's discretion. The standard instruction on the possible sentences for first-degree murder adequately inform the jury of the minimum mandatory portion of a life sentence.
We find King's reliance on California v. Ramos, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983), misplaced. In Ramos the Court upheld the following California instruction:
"You are instructed that under the State Constitution a Governor is empowered to grant a reprieve, pardon, or commutation of a sentence following conviction of a crime.
"Under this power a Governor may in the future commute or modify a sentence of life imprisonment without possibility of parole to a lesser sentence that would include the possibility of parole."
Id. at 995-96, 103 S.Ct. at 3450-51. California law requires that this instruction be given, and the Court found that it did not unconstitutionally mislead "the jury[[4]] by selectively informing it of the Governor's power to commute one of its sentencing choices but not the other." Id. at 998, 103 S.Ct. at 3452. There is no corresponding statutory imperative in Florida that a capital jury be told that the governor may commute any sentence or, more central to this case, that life imprisonment with twenty-five years being served before one is eligible for parole means anything other than exactly that.
Again, appellate counsel's failure to brief and argue a nonmeritorious issue is not substandard representation. Suarez, 527 So.2d at 193; McCrae, 439 So.2d at 870. Appellate counsel's decision not to raise this issue did not constitute ineffective assistance.
On appeal counsel vigorously argued that the trial court erred in allowing the state to introduce hearsay evidence. After examining the issue, we rejected it. King, 514 So.2d at 359. King is, therefore, procedurally barred from raising the hearsay issue again in the instant petition.
As his final point, King argues that the trial court improperly relied on evidence of King's behavior during trial to support the death sentence[5] and that counsel *360 rendered prejudicially ineffective assistance by not raising this issue on appeal. Because trial counsel did not object, however, appellate counsel could not have raised this issue on appeal. This current claim of appellate counsel's ineffective assistance is, therefore, procedurally barred. We remind current counsel that "an allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).
This petition for habeas corpus presents no valid grounds for relief, and it is hereby denied.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, dissenting.
I believe that a jury is entitled to, and often does, mitigate a sentence because of "lingering doubt" about the defendant's guilt, as expressed in my dissent in King v. State, 514 So.2d 354, 360 (Fla. 1987) (Barkett, J., dissenting), cert. denied, ___ U.S. ___, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988).
I also believe that the trial court improperly excluded proffered evidence that a life sentence would require King to serve a minimum mandatory term of twenty-five years' imprisonment before becoming eligible for parole. This evidence is clearly relevant to "any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978) (plurality opinion of Burger, C.J.) (footnote omitted). Indeed, the Court has recognized that the state may not narrow the sentencer's discretion to consider relevant evidence "that might cause it to decline to impose the death sentence." McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 1773, 95 L.Ed.2d 262 (1987) (emphasis in original, footnote omitted).
KOGAN, J., concurs.
NOTES
[1] King filed this petition late in 1988 after the governor signed his second death warrant. We stayed King's execution and ordered the trial court to conduct a hearing on King's motion for postconviction relief filed under Fla.R.Crim.P. 3.850. King v. State, 538 So.2d 1255 (Fla. 1988). We choose to proceed with the instant petition at this time.
[2] The Florida Supreme Court "has consistently held that residual, or lingering, doubt is not an appropriate nonstatutory mitigating circumstance." King v. State, 514 So.2d 354, 358 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988).
[3] A majority of the Court agreed with this holding.
[4] The jury is the sentencer in California.
[5] In mitigation King presented several ministers who testified that King had been a model prisoner who caused no problems for correctional officers and that his religious faith had affected his behavior and outlook on life since his incarceration on death row. King now complains about the following portion of the findings of fact that the trial court wrote to rebut this mitigating testimony:

As appears in the record of this sentencing proceeding, defendant was a disciplinary problem as recently as two days ago. On Tuesday, November 5, 1985 this Court was advised by the defendant through a message sent to the bailiffs that he was dissatisfied with his treatment at the Pinellas County Jail and refused to come to Court for the balance of his trial. The Court was compelled to order the jail to produce Mr. King for trial, forcibly if necessary, and the trial was delayed until Mr. King arrived at the Courthouse.
This incident is cited not as any aggravating circumstance but to indicate this Court's belief that there has been no change in defendant's character.