**Ronald K. GRUBBS, Petitioner,**

v.

**Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, State of Florida, Respondent.**

**No. 92–1218–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 3, 1995.

Stuart C. Markman, James E. Felman, Kynes & Markman, Tampa, FL, for petitioner.

Brenda S. Taylor, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for respondent.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Respondent's motion to alter or amend judgment (Docket No. 41). The courts have recognized three grounds for justifying the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986). The respondent relies on the third ground, the need to correct clear error, to justify reconsideration of the previous order.

## PROCEDURAL HISTORY

The Petitioner's Writ of Habeas Corpus was referred to Magistrate Judge Elizabeth

Jenkins for review of his conviction. The Magistrate Judge recommended denial as to all four (4) grounds. This Court reviewed the Report and Recommendation and reached a contrary conclusion as to grounds III and IV of the Petitioner's claim. As a result, this Court sustained the Petitioner's (Grubbs) right to pursue an appeal in state court based on the claims of ineffective assistance of appellate counsel and failure to comply with the requirements of an *Anders* brief. The State, Respondent, now files a motion to alter or amend the judgment as to grounds III and IV pursuant to Rule 52(c), asking this Court to reconsider the order issued on July 11, 1995 (Docket No. 40).

## DISCUSSION

### Direct Appeal

The Respondent asserts that appellate counsel can not be found ineffective for failure to file a claim of ineffective assistance regarding trial counsel, on direct appeal, when the claim was not preserved on the record. The Respondent does not offer an explanation as to how a claim of ineffective assistance of trial counsel could or should be preserved on the trial record. This Court is unsure of how Petitioner would have preserved such a claim "on the record". The Court finds the Respondent has not alleged or proven its claim for reconsideration of the opinion previously rendered.

Claims of ineffective assistance of counsel are generally brought by a Rule 3.850 motion; however, these claims may be brought by direct appeal when the ineffectiveness is apparent or obvious from the face of the record. *Stewart v. State*, 420 So.2d 862 (Fla.1982). Upon review, this Court again finds that the ineffectiveness of trial counsel is apparent on the record in this case. Appellate counsel did have the option of bringing this claim by direct appeal; however, a direct appeal is not mandatory. In *Owen v. State*, 560 So.2d 207, 212 (Fla.1990), the Court acknowledged that a claim of ineffective assistance of counsel **may** be raised by direct appeal as opposed to a Rule 3.850 motion. Counsel is not required to do so and

may not be found ineffective solely for failure to raise this claim by a direct appeal.

### RULE 3.850 MOTION

Appellate counsel had the option of bringing petitioner's claim of ineffective assistance of trial counsel pursuant to a Rule 3.850 motion, as is customarily done. Appellate counsel declined to file either a direct appeal or a Rule 3.850 motion. This Court is still convinced that valid grounds for a claim were apparent on this record, therefore, appellate counsel was ineffective based on the failure to pursue this claim by one of the available procedures.

The Respondent argues that the need for an evidentiary hearing demonstrates that trial counsel's ineffectiveness was not apparent on the record. In essence, Respondent's argument is that the hearing was necessary to determine trial counsel's strategy, which negates this Court's finding that the ineffectiveness was apparent on the record. The Magistrate Judge conducted the hearing, not this Court. This Court will not second guess the Magistrate Judge as to the reason for holding a hearing. This Court has made an independent, *de novo* review of the record and has determined that trial counsel failed to provide any convincing evidence of competent strategic decisions warranting the conduct of counsel. The Respondent does not persuade otherwise in this motion.

In light of the ineffectiveness apparent on the record, appellate counsel should have pursued this claim. According to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the petitioner must establish that counsel's performance was deficient to the extent that it prejudiced the defense. If the petitioner presents evidence of this deficiency, grounds for a claim of ineffective assistance of counsel are present. As a result, this Court has found that petitioner's claim of ineffective assistance of trial counsel was not frivolous.

### PROCEDURAL BAR

Respondent contends that the claim of ineffective assistance of counsel is procedurally barred in this case because it was not raised by direct appeal. Respondent cites to

*Suarez v. Dugger*, 527 So.2d 190, 193 (Fla. 1988) for this proposition. However, a close reading of *Suarez* reveals that this assertion is incorrect. The Court in *Suarez* acknowledged that although other claims are barred by failure to bring them by direct appeal, a claim based on ineffective assistance of counsel is not procedurally barred. *Id.* at 192. This holding is consistent with the procedural scheme which allows counsel to file a Rule 3.850 motion in lieu of a direct appeal. Therefore, this claim is not procedurally barred.

## REQUIREMENTS FOR AN *ANDERS* BRIEF

When appellate counsel declines to pursue a claim by direct appeal or a 3.850 motion, the courts require appellate counsel to include any arguable grounds that support the petitioner's claim. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493 (1967). Appellate counsel failed to comply with this requirement. It is not sufficient to state, as Respondent did in this motion, that appellate counsel is not ineffective because the petitioner proceeded to file a 3.850 motion for ineffective assistance of trial counsel. The prejudice created by appellate counsel's ineffective assistance is not negated by the Petitioner's filing of a *pro se* motion. Appellate counsel failed to assert any and all reasonable grounds for the claim in the *Anders* brief. This resulted in prejudice to the defendant because the state court was not presented with an accurate depiction of the grounds which might support an appeal. Therefore, appellate counsel's failure to comply with the *Anders* requirement does constitute ineffective assistance of counsel according to the standard established by *Strickland*.

In *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the Supreme Court held that appellate counsel was not ineffective when he selected certain grounds to support an appeal and did not include other "weaker" arguments in the *Anders* brief. The appellate court found that this violated the *Anders* requirement because counsel abandoned nonfrivolous issues on appeal; however, the Supreme Court reversed and held that counsel had satisfied *Anders* by supporting his client to the best of his ability. *Id.*

The present case is distinguishable because the grounds asserted by the Petitioner, which were not included in the brief by appellate counsel, were not "weaker" arguments. The grounds now asserted by the Petitioner appear to be strong grounds for an appeal based on ineffective assistance of trial counsel. These grounds include trial counsel's failure to object to inadmissible hearsay statements and trial counsel's own solicitation of inadmissible hearsay which was extremely prejudicial to the Petitioner. Appellate counsel's failure to include these apparent and meritorious grounds in the *Anders* brief falls outside the range of reasonable professional assistance.

## CONCLUSION

Respondent's motion realleges arguments already addressed by this Court, as well as raising new arguments directed at the holding of this Court.

**ORDERED** that the motion to alter or amend judgment (Docket No. 41) be denied and the judgment of this Court, dated July 11, 1995 (Docket No. 40) be **reaffirmed.**

**DONE AND ORDERED.**