*121
 
 WHATLEY, Judge.
 

 Wardell Brown challenges the postcon-viction court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm. Our affirmance is without prejudice to Brown to seek habeas relief in the circuit court of the county in which he is currently incarcerated.
 

 A jury found Brown guilty of committing an aggravated battery, a second-degree felony. § 784.045, Fla. Stat. (1991). The trial court sentenced Brown to twenty years in prison as a habitual felony offender (HFO) followed by five years of probation. Brown was released from prison in October 2005 after serving about fourteen and one-half years. He violated probation and was sentenced on March 27, 2007, to four and one-half years in prison. The trial court at revocation (hereinafter, “revocation court”) did not orally mention HFO status, and the revocation sentencing documents do not specify that the sentence is a habitualized sentence.
 

 In a subsequent postconviction proceeding, not at issue here, the postconviction court granted Brown credit for time served. The awarded credit exceeded the post-revocation four-and-one-half-year sentence; as a result, that sentence had been fully served as of the date of revocation. However, the Department of Corrections (DOC) forfeited the 2000 days of gain time that Brown had earned during his original period of incarceration and did not apply the awarded credit to the gain time.
 
 [1]
 

 In his rule 3.800(a) motion, Brown raises two issues that, he argues, require his immediate release. Brown first argues, essentially, that because the time-served credit granted subsequent to the revocation proceeding should have been granted at revocation itself, his sentence as of revocation was zero; therefore, he should be released now. We note, however, that any error associated with the revocation court’s failure to award credit has already been corrected and that the awarded credit has apparently been applied by DOC. As such, no additional relief is available to Brown under rule 3.800(a). Instead, for Brown to challenge DOC’s authority to forfeit his gain time and continue to imprison him, he must file a petition for writ of habeas corpus in the circuit court in the county in which he is currently incarcerated.
 
 [2]
 

 See McCrae v. Wainwright,
 
 439 So.2d 868, 870 (Fla.1983) (“The purpose of
 
 *122
 
 the ... writ of habeas corpus is to inquire into the legality of a prisoner’s present detention.”);
 
 Bush v. State,
 
 945 So.2d 1207, 1213 n. 11 (Fla.2006) (“[A] habeas petition filed in circuit court alleging entitlement to immediate release ‘shall be filed with the clerk of the circuit court of the county in which the prisoner is detained.’
 
 See
 
 § 79.09, Fla. Stat. (2005).”).
 

 In his second issue, Brown argues that the failure of the revocation court to repro-nounce him an HFO made the post-revocation sentence illegal and that the court was required to impose, at most, the statutory maximum with appropriate time-served credit.
 
 [3]
 
 We agree with the postconviction court’s conclusion that the revocation court’s sentence was not an HFO sentence. The court was permitted to sentence Brown for as many as fifteen years for the underlying second-degree felony, provided that the court granted credit for time served.
 
 See Poore v. State,
 
 531 So.2d 161, 164 (Fla.1988). As already noted, a sentence of four and one-half years was imposed, and credit was granted in a subsequent postconviction proceeding. Because any error susceptible to rule 3.800(a) relief was corrected once credit was granted, as with Brown’s first issue we conclude that whatever relief may be available to Brown must be sought by a habeas petition, not a motion under rule 3.800(a).
 
 [4]
 

 Affirmed.
 

 SILBERMAN, J., and FULMER, CAROLYN K, Senior Judge, Concur.
 

 [1]
 

 . It would thus appear that the entirety of Brown’s post-revocation imprisonment has been the result of the forfeited gain time.
 

 [2]
 

 . Brown appears to be arguing that had the credit been applied at revocation, he would have been released then and would not have been remanded to DOC custody; as a result, no gain time forfeiture could have taken place. In other words, the narrow issue would appear to be whether, after time-served credit is applied leaving forfeited gain time as the sole basis for a defendant’s entire post-revocation incarceration, DOC may continue to hold the defendant in custody. We conclude that any relief that may be available to Brown must be sought by habeas petition in the appropriate court. Brown complains in a motion for rehearing in this appellate proceeding that he has filed for habeas relief already and not succeeded. Although Brown’s earlier habeas petition or petitions are not before us, it would appear from his arguments in the present proceeding that
 
 *122
 
 Brown may not have brought to the court's attention the narrow issue as identified here.
 

 [4]
 

 . The underlying issue and potential avenue of relief are the same as that recited in footnote 2.