407 So.2d 904 (1981)
Amos Lee KING, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 61406.
Supreme Court of Florida.
December 2, 1981.
Baya Harrison, III of Fuller, Johnson & Harrison, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an appeal from a final order of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, dated November 13, 1981, denying King's motion for post-conviction relief filed pursuant to Florida *905 Rule of Criminal Procedure 3.850. King also requests a stay of his execution which is scheduled for December 8, 1981.
King was convicted of first-degree murder, involuntary sexual battery, robbery, arson, and attempted first-degree murder and was sentenced to death. This Court affirmed the conviction and death sentence last year. King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981).
Being unsuccessful in his application for clemency, King filed a 3.850 motion. King argued that he was denied effective assistance of counsel. On appeal he contends that the trial judge erroneously found to the contrary and that the trial judge improperly prejudged his motion.
King's trial counsel, Thomas Cole, a former assistant public defender, is deceased. He had been assisted at the trial by another assistant public defender, Anthony Rondolino. To support his 3.850 motion, King called as witnesses Rondolino, Patrick Doherty, another attorney, and two acquaintances. Testimony showed that King's trial attorney had been deeply engrossed in another case while preparing King's case. Most of the preparation of King's case occurred between the time of a mistrial of the other case and a subsequent trial of that case. Eleven days intervened between the end of that case and King's trial.
Cole had obtained two continuances of King's case. It is argued that Cole was ineffective because the continuances led to the consolidation for trial of King's murder trial with all other charges arising from the events of the night of the murder.[*] Rondolino testified that he considered Cole to be ineffective because of Cole's statement that he was not prepared to proceed when the court allowed the consolidation. He also testified to Cole's involvement in the other case and that Cole was "exhausted."
The trial judge allowed a proffer of, but did not consider, the testimony of attorney Doherty, who concluded that Cole was ineffective. We have reviewed this testimony and have considered it. Doherty was critical of Cole's investigation of the state's witnesses and the quality of the physical evidence. He questions the timeliness of filing motions to suppress and the taking of depositions. One omission strongly urged is the failure to call an FBI agent as a witness to establish that no negroid hairs were found on or about the victim, her apparel, or bedclothes. Doherty did not agree that the preservation of the right to open and close the argument constituted a sufficient reason not to present this evidence because it simply left Cole with the "right to open and close with nothing to say."
King testified that Cole only saw him twice. (Cole, in the original record, stated that he had seen King four or five times, but admitted to communication problems.) An investigator was also in contact with King. King also claims that Cole should have put on more statutory mitigating evidence and presented two character witnesses at the 3.850 hearing. One of these said that King was a good worker, and another said he was a good man.
The trial judge found that Cole provided effective assistance of counsel. Our review of the evidence fails to disclose otherwise. We fail to find any single act of omission or commission, or any series or combination thereof, that was a substantial and serious deficiency measurably below that of competent counsel. Even if Doherty's testimony to the contrary is accepted, no act, or combination of acts, was substantial enough to demonstrate prejudice to the defendant to the extent that there is a likelihood that any substandard conduct affected the outcome of the court proceedings. See Knight v. State, 394 So.2d 997 (Fla. 1981).
We are also satisfied that the trial judge decided the motion on the merits and did not prejudge it.
The denial of the 3.850 motion is affirmed, and the application for stay of execution is denied.
It is so ordered.
*906 SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[*] We discussed the consolidation in our opinion on King's first appeal and noted that in all likelihood evidence of all the events of that early morning would have been admissible without the consolidation.