432 So.2d 727 (1983)
Kevin Earnest WALKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1031.
District Court of Appeal of Florida, Third District.
June 7, 1983.
*728 Kevin Earnest Walker, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The defendant's motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 was summarily denied by the trial court because of legal insufficiency. Two grounds were set forth in the motion. Ground Two is so vague as to be totally without merit and therefore the trial court was correct in denying that portion of the motion. In Ground One, however, the defendant alleged that he was misinformed of the consequences of his guilty plea. This allegation, if true, presents a legally sufficient basis for vacating the plea. Perez v. State, 430 So.2d 465 (Fla. 2d DCA 1983); see Williams v. State, 316 So.2d 267 (Fla. 1975). Thus, the trial court was required either to attach to its order the portions of the record refuting the allegation or to conduct an evidentiary hearing in order to determine whether the allegation is true or not. Fla.R.Crim.P. 3.850. The reason for these procedural safeguards is to preserve the movant's rights in anticipation of appellate review. Consequently, when the Rule 3.850 motion presents a legally sufficient ground, the trial court cannot merely recite that the record conclusively demonstrates the movant is entitled to no relief and enter its order accordingly. If an evidentiary hearing is not granted, the movant's rights must be protected by furnishing the appellate court with the material that defeats the motion. Of course, the trial court here deemed it unnecessary to do either because it based its ruling upon the legal insufficiency of the motion. Our holding as to Ground One renders that ruling partially erroneous.
We therefore reverse in part the denial of the defendant's motion for post-conviction relief. On remand, the trial court may either summarily deny Ground One of the motion and attach to its order those portions of the record which conclusively show that the defendant is not entitled to relief, or conduct an evidentiary hearing and then rule on Ground One. Perez v. State, supra; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
Affirmed in part; reverse in part and remanded.