593 So.2d 206 (1992)
Terrell M. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74662.
Supreme Court of Florida.
January 2, 1992.
Rehearing Denied March 3, 1992.
*207 Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, Judith J. Dougherty, Asst. CCR and John S. Sommer, Staff Atty., Office of Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
HARDING, Justice.
Terrell M. Johnson, a prisoner under sentence of death, appeals the trial court's denial of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section *208 3(b)(1), Florida Constitution, and we affirm the denial of relief.
Johnson was found guilty of the first-degree murder of an Orange County bartender and guilty of the second-degree murder of a bar patron. On the first-degree conviction, the jury recommended and the trial court imposed a sentence of death. This Court affirmed both the conviction and the sentence in Johnson v. State, 442 So.2d 193 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984). Johnson originally filed a motion for post-conviction relief in June 1985. Pursuant to a legislative act passed in June 1985, the circuit court appointed the Office of the Capital Collateral Representative (CCR) to represent Johnson and ordered CCR to replead all issues in the 3.850 motion. On October 6, 1986, Johnson filed his motion for post-conviction relief with the trial court. An evidentiary hearing was held on December 22, 1986. The trial court denied the motion on June 12, 1989. Johnson seeks review of this denial.
Of the fourteen claims[1] presented in his 3.850 motion, Johnson seeks review of the trial court's rejection of the following twelve: 1) that trial counsel was ineffective for failing to conduct timely investigation and to present compelling mitigation; 2) that the jury was erroneously instructed that a majority vote was required for a life sentence recommendation and that counsel was ineffective for failing to challenge the instruction; 3) that Johnson was denied his right to the independent and competent assistance of a mental health expert; 4) that trial counsel was ineffective for failing to use evidence of voluntary intoxication; 5) that trial counsel was ineffective for failing to depose or impeach the State's ballistics witnesses, for failing to seek independent expert assistance, and for failing to rebut the State's ballistics evidence; 6) that the State violated Brady[2] by intentionally withholding evidence of a ballistics test which was subsequently presented to the jury; 7) that statements were obtained from Johnson in violation of Miranda;[3] 8) that the court's reconstruction of the record violated Johnson's rights to a full and fair hearing, equal protection, and effective assistance of counsel; 9) that Johnson's sentence was based upon a mistake of fact regarding the jury's sentencing vote; 10) that counsel was ineffective in failing to move for discharge pursuant to the speedy trial rule of the Interstate Agreement on Detainers (IAD); 11) that the trial court impermissibly diminished the jury's role in sentencing contrary to Caldwell;[4] and 12) that the trial court erroneously applied the Florida death penalty as if it were mandatory and mercy could not be applied.
Claim 8 (reconstruction of record) was raised on direct appeal and specifically rejected by this Court. See Johnson, 442 So.2d at 195. Claims 7 (statements by defendant) and 12 (death penalty mandatory) were also raised on direct appeal and summarily rejected by this Court because "we find no support for appellant's other points on appeal and see nothing to be gained by discussing them." Id. at 197. Claims 3 (assistance of mental health expert), 6 (Brady), and 11 (Caldwell) could have been raised on direct appeal, but were not. Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack. Smith v. State, 445 So.2d 323, 325 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984). Thus, we affirm the trial court's denial of these claims.
Claim 9 (mistake of fact regarding the jury's sentencing vote) is not supported by *209 the record. The advisory verdict, the trial court's statement at sentencing, and the sentencing order all indicate that a "majority of the jury recommended that the [d]efendant be sentenced to death." The record also shows that the judge conducted an independent review of the aggravating and mitigating circumstances in determining that "under the evidence and the law of this State a sentence of death is mandated." Thus, the trial court properly denied this claim.
The trial court also properly rejected Johnson's ineffective assistance claims. As noted by the trial court, the test for determining the validity of a claim of ineffective assistance of counsel has two prongs. First, the defendant must demonstrate that counsel's performance was deficient, and second, that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984). To demonstrate prejudice in connection with a death sentence a defendant must show a reasonable probability that, absent the deficient performance, the outcome at sentencing would have been different. Id. at 695, 104 S.Ct. at 2068; Bertolotti v. State, 534 So.2d 386, 389-390 (Fla. 1988). Moreover, a court considering a claim of ineffectiveness of counsel need not determine whether counsel's performance was deficient when it is clear that the alleged deficiency was not prejudicial. Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989).
Johnson's first claim of ineffective assistance is based on trial counsel's alleged failure to adequately investigate and present mitigating evidence (claim 1). After reviewing the record from the trial and the 3.850 evidentiary hearing, the trial court concluded that counsel conducted a reasonable investigation into Johnson's background and had enough information available to "make informed strategic decisions as to the proper course of action to pursue in defending the [d]efendant." As to the mitigation issue, the trial court found that even had counsel been able to present evidence of two statutory mitigating circumstances, "a sentence of death would still have been the result" because of the greater weight of the five aggravating circumstances. In regard to nonstatutory mitigating circumstances, the trial court found no merit to the claim of deficient performance, noting that counsel presented evidence of six nonstatutory mitigating circumstances. After reviewing the record, we agree that counsel's investigation and presentation of mitigating evidence was not deficient under the standards set forth in Strickland.
The trial court found no prejudicial error in counsel's agreement to waive the speedy trial requirement of the IAD (claim 10). The record indicates that, during the continuance requested by the State, trial counsel traveled to Oregon to depose police officers regarding statements which Johnson made to the officers. These statements were the subject of a suppression hearing, and counsel cannot be deemed ineffective for waiving the IAD trial period in order to represent Johnson on this issue. Moreover, even if trial counsel had not agreed to the waiver, the continuance could have been granted to the State under the IAD's "good cause" provision, section 941.45(4)(c), Florida Statutes (1979), as the continuance was requested when the prosecuting attorney was called to military reserve duty.
Johnson contends that counsel was also ineffective for failing to use evidence of voluntary intoxication (claim 4). The trial court rejected this claim, finding "sufficient facts in the record to understand why trial counsel chose not to pursue such a defense." We agree that trial counsel's handling of this issue was a strategic decision rather than deficient performance. At the evidentiary hearing, trial counsel testified that he specifically rejected a voluntary intoxication defense because Johnson recounted the incident with "great detail and particularity" in his confession and also confessed that he had formed the intent to rob the bar owner while sitting at the bar. Trial counsel determined that this evidence contradicted the proposition of a diminished capacity defense.
*210 Johnson alleges that he was prejudiced by counsel's deficient performance in litigating the issue of the ballistics evidence and testimony (claim 5) because this testimony "constituted the primary evidence of premeditation and statutory aggravating circumstances." However, we note that the prejudicial inference which Johnson claims that the jury drew from this ballistics evidence could have been properly drawn from the medical examiner's testimony. Moreover, the jury apparently was not influenced by the ballistics testimony in that they did not find premeditation in the customer's death. Thus, this claim fails to meet the Strickland prejudice requirement.
Finally, we address claim 2 (error in jury instructions and deficient performance of counsel for failure to litigate this issue). Johnson claims that an error in the court's instructions resulted in an initial jury deadlock of 6-6 on the sentencing recommendation. Such an error in jury instructions is an issue which should properly be raised on direct appeal, and would be procedurally barred if raised for the first time in a 3.850 motion. Smith, 445 So.2d at 325. However, Johnson argues that this claim is cognizable because the record at the time of appeal contained no evidence of an alleged jury deadlock. The record reflects that the jury never reported a deadlock to the court and returned a majority recommendation of death after four hours of deliberation. However, based upon trial counsel's affidavit that he recalled "hearing from sources unknown that the jury had deadlocked at 6-6 during the sentencing phase," the circuit judge granted Johnson's motion to interview the jury foreman in 1986. The deposition of the foreman focused upon the jury's deliberations during the penalty phase of the trial. This Court finds that the jury foreman's testimony is not admissible because "[i]t is a well settled rule that a verdict cannot be subsequently impeached by conduct which inheres in the verdict and relates to the jury's deliberations." Mitchell v. State, 527 So.2d 179, 181 (Fla.), cert. denied, 488 U.S. 960, 109 S.Ct. 404, 102 L.Ed.2d 392 (1988); accord § 90.607(2)(b), Fla. Stat. (1985).[5] This rule has also been applied in capital cases. See Songer v. State, 463 So.2d 229 (Fla.), cert. denied, 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985).
In the instant case, the jury foreman was questioned about jury pollings during deliberations and the jury's understanding of the court's instructions. This testimony "essentially inheres in the verdict" as it relates what occurred in the jury room during the jury's deliberations. This Court has held that such juror testimony is inadmissible. E.g., McAllister Hotel, Inc. v. Porte, 123 So.2d 339 (Fla. 1959). Accordingly, the foreman's deposition cannot be the basis for the relief sought. Furthermore, this Court cautions against permitting jury interviews to support post-conviction relief for allegations such as those made in this case.
Moreover, even if the foreman's testimony were admissible, we find nothing in the deposition which indicates a jury deadlock in this case. The deposition shows only that the jury conducted "different pollings at various junctures in the deliberations." Nor do we find that trial counsel was ineffective for failing to object to an instruction which was the standard jury instruction at that time. Thus, we reject this claim as being without merit.
Accordingly, because Johnson has failed to demonstrate entitlement to relief, the order of the trial court is affirmed.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[1] Johnson does not seek review of two of the fourteen claims presented to the trial court: 1) that Florida Rule of Criminal Procedure 3.800(b) excludes capital offenses; and 2) that the death penalty is imposed in Florida on the basis of the race and sex of the defendant, the race of the victim, and the place of the crime.
[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[4] Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).
[5] Section 90.607(2)(b), Florida Statutes (1985), provides:

Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.