597 So.2d 780 (1992)
Amos Lee KING, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76537.
Supreme Court of Florida.
March 5, 1992.
Rehearing Denied May 29, 1992.
*781 Larry Helm Spalding, Capital Collateral Representative, Judith J. Dougherty and Thomas H. Dunn, Assistant Capital Collateral Representatives, Tallahassee, Florida; and Billy H. Nolas and Julie D. Naylor, Special Asst. Capital Collateral Representatives, Ocala, Florida, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Amos Lee King, Jr., a prisoner on death row, appeals the trial court's denial of his motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court's order.
A jury convicted King of first-degree murder, sexual battery, burglary, and arson, and the trial court sentenced him to death, which this Court affirmed. King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981). After the signing of his first death warrant, King filed a postconviction motion that the trial court denied, and this Court affirmed. King v. State, 407 So.2d 904 (Fla. 1981). A federal court, however, granted King's petition for habeas corpus and ordered that he be resentenced. King v. Strickland, 748 F.2d 1462 (11th Cir.1984), cert. denied, 471 U.S. 1016, 105 S.Ct. 2020, 85 L.Ed.2d 301 (1985). After the new sentencing proceeding, the trial court again sentenced King to death, and this Court affirmed. King v. State, 514 So.2d 354 (Fla. 1987), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). Late in 1988, after the signing of another death warrant, King filed a petition for writ of habeas corpus with this Court, which we denied. King v. Dugger, 555 So.2d 355 (Fla. 1990). He also filed a motion for postconviction relief that is the basis for the instant proceedings.
The trial court found most of the issues raised in the motion procedurally barred.[1] *782 The court held an evidentiary hearing on the two remaining claims, i.e., that counsel was ineffective for not providing more information to the mental health experts thereby preventing King from receiving adequate mental health assistance and that counsel was ineffective for various alleged shortcomings.[2] After the hearing, the trial court denied relief. King now argues that the trial court should have granted him a new sentencing proceeding based on the issues considered at the evidentiary hearing and that the court erred in finding the other issues procedurally barred.
The trial court correctly found most of King's issues barred because they could have been, should have been, or were raised on direct appeal. Postconviction proceedings are not to be used as a second appeal, Medina v. State, 573 So.2d 293 (Fla. 1990), and, thus, those matters which were raised or could have been raised in the original appeal cannot again be raised in a 3.850 motion. "[A]llegations of ineffective assistance cannot be used to circumvent the rule that postconviction proceedings cannot serve as a second appeal." Id. at 295.
To prevail on a claim of counsel's ineffectiveness, both substandard performance and prejudice caused by that performance must be shown. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court applied this test and found that neither part of it had been met. After summarizing the new testimony, the court pointed out the disparities among the mental health experts' opinions and the risks that counsel would have run by presenting the jury with the currently tendered testimony. In discussing the second part of the test she stated that "the aggravating factors in this case are so overwhelming, it is difficult to imagine a jury or a judge, following the law, would ever recommend or impose a sentence other than death. Proportionality review by the Florida Supreme Court would not reverse a death sentence."
We agree with the trial court's assessment of trial counsel's performance and its ability to affect the outcome and affirm the order denying relief. Cf. Ferguson v. State, 593 So.2d 508 (Fla. 1992) (counsel conducted a reasonable investigation and made reasonable tactical decisions); Johnson v. State, 593 So.2d 206 (Fla. 1992) (counsel's investigation and presentation of mitigating evidence were not deficient).
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] These issues were: 1) violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 2) trial court's refusal to allow testimony that King would have to serve at least 25 years in prison; 3) violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), overruled, Payne v. Tennessee, ___ U.S. ___, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991); 4) trial court erroneously told the venire that the minimum sentence would be 20 years' imprisonment; 5) the standard jury instructions improperly shift to a defendant the burden of showing life imprisonment to be the proper penalty; and 6) improper application of the heinous, atrocious, or cruel aggravator.
[2] King argues that his counsel failed to: 1) investigate, develop, and present mental health mitigating evidence and to challenge aggravators with that evidence; 2) present evidence of alcohol and drug abuse and intoxication at the time of the crime; 3) correct a witness' false testimony or to impeach that witness; 4) challenge death being the appropriate penalty; and 5) object to improper evidence.