617 So.2d 801 (1993)
Allen Peyton RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01455.
District Court of Appeal of Florida, Second District.
April 28, 1993.
*802 Chandler R. Muller of Law Offices of Chandler R. Muller, P.A., Winter Park, and David A. Henson of Kirkconnell, Lindsey & Snure, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Richardson appeals the denial of his motion for postconviction relief alleging ineffective assistance of counsel. We affirm in part and reverse in part.
Richardson was tried, convicted, and sentenced to life in prison for first-degree premeditated murder. This court affirmed his conviction and sentence per curiam in Richardson v. State, 551 So.2d 470 (Fla. 2d DCA 1989). Richardson's motion for postconviction relief alleged thirteen separate grounds of ineffective assistance of trial counsel. Twelve of the grounds were summarily dismissed by the trial court. The remaining ground was denied after an evidentiary hearing. We find that the trial court erred in summarily denying four of Richardson's claims for relief because they presented a prima facie showing of entitlement to relief.
Ineffectiveness of counsel is demonstrated by allegations that counsel's performance was deficient and prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). If the motion for postconviction relief fails to set forth a factual basis or contains little beyond conclusory allegations, it may be summarily denied without attaching excerpts from the record. When a court's decision to deny a motion is grounded in exhibits from the record, the exhibits should be attached to the final order. Walker v. State, 432 So.2d 727, 728 (Fla. 3d DCA 1983).
Richardson's motion first alleged that his trial counsel failed to adequately object to the trial court's instructing the jury that it could infer guilt from Richardson's refusal to submit to fingerprinting. The supreme court has held that this instruction constitutes an impermissible comment on the evidence. Whitfield v. State, 452 So.2d 548 (Fla. 1984). The trial court ruled that the transcript showed that trial counsel objected several times to the instruction. The trial court then summarily dismissed this ground for relief because it found that Richardson could have raised it in his direct appeal. See Fla.R.Crim.P. 3.850; King v. State, 597 So.2d 780, 782 (Fla. 1992). However, the state contended on the prior appeal that the issue was waived because Richardson's objection was not specific enough to raise the merits of the issue on appeal. The trial court failed to attach to its order portions of the record showing an objection sufficient to preserve the ground for appeal. Walker, 432 So.2d at 728. We therefore reverse and remand to permit the trial court to attach portions of the record which refute Richardson's claim.
The next two grounds we consider also show a prima facie basis for relief. Richardson's motion alleged a conflict of interest between him and the Public Defender's *803 Office which represented him. One instance of alleged conflict arose from his allegation that his counsel assisted the state in locating him for arrest in Colorado. The other arose from allegations that the victim's father had been counsel's family physician. The trial court summarily dismissed these grounds for relief because it found that Richardson could have raised them on direct appeal. However, the trial court failed to attach portions of the record to show that motions sufficient to raise the merits of the issues on appeal were made below. Walker, 432 So.2d at 728. We therefore reverse and remand to permit the trial court to attach portions of the record which refute this claim.
If after reexamination of the record, the court finds that the foregoing issues were properly preserved for direct appeal, it may again deny the motion attaching to its order the excerpts from the record upon which it relies. Otherwise evidentiary hearings may be necessary. Id.
Lastly, the trial court summarily dismissed the fourth ground for postconviction relief although it also contained allegations sufficient to show ineffective assistance of counsel. Id. The motion alleged that counsel failed to impeach a key identification witness whose description of the suspect did not match the appellant. The suspect described by the witness was 6 feet 2 inches tall and weighed 190 pounds, whereas the appellant is alleged to be 5 feet 8 inches tall and to weigh 145 pounds, and, unlike the appellant, the suspect had white hair and a pot belly. We therefore reverse. On remand, the trial court should examine the transcript and ascertain whether anything therein conclusively refutes Richardson's claim. If so, the court may again deny the motion attaching whatever documentation it relies upon. If not, an evidentiary hearing is necessary to determine whether counsel's performance was deficient and, if so, whether but for the deficient performance the outcome of the trial would have been different. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.
The order for postconviction relief is affirmed in all other respects.
Affirmed in part; reversed in part; remanded.
LEHAN, C.J., and DANAHY, J., concur.