695 So.2d 263 (1996)
Terrell M. JOHNSON, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 85028.
Supreme Court of Florida.
December 19, 1996.
Rehearing Denied June 5, 1997.
*264 Martin J. McClain, Chief Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; and Mark S. Dunn and Kenneth S. Nunnelley, Assistant Attorneys General, Daytona Beach, for Respondent.
PER CURIAM.
Terrell M. Johnson petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Johnson was convicted of first-degree murder and sentenced to death in 1980. The decision was first appealed to this Court in 1980, but the transcript of the proceedings was discovered to be incomprehensible. This Court relinquished jurisdiction to reconstruct the record and hold an evidentiary hearing as to its accuracy. The supplemental transcript was submitted to this Court, and was examined on direct appeal. This Court affirmed both the conviction and the sentence in Johnson v. State, 442 So.2d 193 (Fla.1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984). The trial court denied Johnson's rule 3.850 motion; this Court affirmed that denial in Johnson v. State, 593 So.2d 206 (Fla.1992), cert. denied, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). Johnson filed a petition for writ of habeas corpus on January 18, 1995. He filed a supplemental writ raising an additional issue on February 8, 1995. He raises a total of twenty-three issues.
Johnson argues: (1) this Court's ruling that his brief on direct appeal could not exceed 70 pages denied effective assistance of counsel because he could not appeal those matters that did not fit within the limited brief; (2) counsel was ineffective for failing to properly raise the issue that Johnson's death sentence resulted from consideration of constitutionally invalid aggravating factors and improper jury instructions as to those factors; (3) counsel was ineffective for failing to properly raise the issue that the jury received an unconstitutional instruction regarding reasonable doubt, compounded by improper prosecutorial comment; (4) counsel was ineffective for failing to properly raise the issue that Johnson was denied his right to the independent and competent assistance of a mental health expert when the judge appointed an employee of the sheriff's office to interrogate him and report what Johnson said to the judge and the State; (5) counsel was ineffective for failing to properly raise the issue of the State's intentional withholding of the fact that it had conducted a ballistics test and the corresponding exhibits, and that this misleading evidence was improperly presented to the jury at both the guilt and penalty phases; (6) counsel was ineffective for failing to properly raise the issue that Johnson's statements were obtained in violation of his fifth, sixth, eighth, and fourteenth amendment rights, and the State violated due process by concealing the violations; *265 there was a Brady violation because police reports regarding the interrogation were inconsistent with the testimony as transcribed; (7) Johnson was denied a full and fair hearing on the trial court's attempted reconstruction of the record and the procedure used; (8) counsel was ineffective for failing to move to disqualify the reconstruction hearing judge after learning he had received an improper communication from the original (recused) trial judge, and for failing to raise this point on direct appeal; (9) counsel was ineffective for failing to properly raise the issue that Johnson was not allowed to be present at the reconstruction hearings; (10) counsel was ineffective for failing to properly raise the issue of Johnson's absence from critical stages of jury selection at trial and unrecorded bench conferences; (11) the right to an impartial jury was compromised because of unrecorded bench conferences during which jurors were questioned and cause and peremptory challenges were discussed, denying meaningful review and effective assistance of counsel; (12) counsel was ineffective for failing to properly raise the issue on direct appeal that Johnson and counsel were not present when the court communicated with the jury regarding the jury's request to rehear testimony from trial; (13) counsel was ineffective because of the assistant attorney general's improper attacks on the credibility of appellate counsel; (14) counsel was ineffective for failing to properly raise the the issue of the judge's and jury's consideration of nonstatutory aggravating factors; (15) counsel was ineffective for failing to properly raise a double jeopardy argument regarding the trial court's use of the death of the other victimfor which Johnson had been acquitted of first-degree murderto support an aggravating factor as to Johnson's conviction of first-degree murder for the victim in the instant case; (16) the death sentence was unfair and unreliable because of the prosecutor's inflammatory argument to the jury at sentencing; (17) counsel was ineffective for failing to properly raise the sentencing court's refusal to find mitigating circumstances clearly set out in the record; (18) counsel was ineffective for failing to properly raise the issue that improper penalty-phase jury instructions shifted the burden to Johnson to prove death was inappropriate and an improper standard was employed in sentencing; (19) counsel was ineffective for failing to properly raise the impropriety of arguments and instructions to the sentencing jury which diluted their sense of responsibility for sentencing; (20) review on direct appeal was inadequate because the trial court's sentencing order failed to provide a reasoned judgment regarding the penalty; (21) the death sentence is invalid because the trial judge applied Florida's capital sentencing statute as if it required a mandatory death sentence; (22) the combination of excessive procedural and substantive errors at the trial and appellate proceedings cannot be harmless when viewed as a whole; and (23) counsel was ineffective for failing to properly raise the trial court's improper instruction of the jury as to the elements of robbery, which was the underlying felony supporting the felony murder charge.
Johnson's reply contained an affidavit from Johnson alleging that the State made false assertions in its response. This affidavit, and the State's subsequent motion to strike, generated a series of motions which devolved into a series of personal attacks and name calling on both sides which the Court finds both unfortunate and unprofessional. This Court denied the State's motion to strike on June 30, 1995, rendering the other motions moot as well.
All of Johnson's twenty-three claims are either procedurally barredbecause they were either already examined on the merits by this Court on direct appeal or in Johnson's 3.850 proceeding, or because they could have been but were not raised in any earlier proceedingor meritless. We therefore deny his petition.
Claims 5 (ballistics), 6 (improper statements), and 21 (mandatory application of death penalty) were specifically considered by this Court on direct appeal and in the 3.850 motion appeal; thus those claims are procedurally barred even if couched in ineffective assistance language.[1]
*266 Claims 7 through 12 all relate to the reconstruction of the record and the process used. This issue has also been fully considered on direct appeal and in the 3.850 proceeding. Johnson v. State, 442 So.2d at 195; Johnson v. State, 593 So.2d at 208. Therefore, these claims are barred as well.
Claims 2 (jury considered constitutionally invalid aggravators), 3 (unconstitutional reasonable doubt instruction), 15 (double-jeopardy argument), 16 (prosecutor's argument), 18 (burden-shifting instructions), 20 (inadequate sentencing order), and 23 (improper robbery instruction) were not preserved for review and are therefore barred. These claims should have been raised in earlier proceedings; thus, they cannot be considered for the first time here.
In claim 1 (page limitation of initial brief), Johnson argues that when this Court refused to accept his original ninety-four page briefimposing instead a seventy page limithe was both denied effective assistance of counsel and precluded from appealing those matters that did not fit within his limited brief. This case occurred before we had adopted a policy of allowing briefs of up to one hundred pages in capital cases as a matter of course. An "exception" to the fifty page-limit prescribed by rule was, therefore, still an "exception" to the rule. We are unpersuaded that the enlargement granted to Johnson was inadequate. While the enlargement may have been shorter than what Johnson wanted, it was certainly longer than the limit prescribed by rule. We do not find any prejudice, especially since the brief did not even use the full seventy pages allowed. This issue is without merit.
Of the remaining issues, 4 (mental health expert), 13 (attorney general's attacks on credibility of counsel), 14 (jury's consideration of nonstatutory aggravators), 17 (mitigating circumstances not found by trial court), and 19 (dilution of jury's responsibility for sentencing) all involve allegations of ineffective assistance of appellate counsel. The test for determining ineffective assistance of appellate counsel is two-fold: "First, the assistance of counsel must have been so erroneous or deficient that it fell outside the range of professionally acceptable performance. Second, the error or deficiency in the appellate process must have been so egregious that it undermined confidence in the correctness of the result." Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla.1988). None of Johnson's claims satisfy this test.
As to claim 4 (mental health expert), Johnson raised this issue in his 3.850 motion: he alleged that he was "denied his right to the independent and competent assistance of a mental health expert." Johnson v. State, 593 So.2d 206, 208 (Fla.1992). We held that the claim could have been raised on direct appeal, but was not, and we affirmed the trial court's denial of the claim. Id. Here, Johnson alleges that the failure to raise it on direct appeal constituted ineffective assistance of counsel.
Johnson's request for a mental health expert was granted shortly before trial, and the examination was conducted by an employee of the Orange County Sheriff's Department. Johnson argues that his fifth and sixth amendment rights were violated because those rights had not been waived, counsel was not present, and the expert was not independent. He states that the incomplete record failed to show Johnson's objections at trial. As previously stated, the issue of completeness of the record has been litigated fully at the reconstruction hearing. We therefore find that the issue was thus not properly preserved for purposes of appeal. We have consistently held that appellate counsel cannot be ineffective for failing to raise claims which were not preserved due to trial counsel's failure to object. See, e.g., Kelley v. Dugger, 597 So.2d 262, 263 (Fla. 1992); Roberts v. State, 568 So.2d 1255, 1261 (Fla.1990); Suarez v. Dugger, 527 So.2d 190, *267 193 (Fla.1988); Bertolotti v. Dugger, 514 So.2d 1095, 1097 (Fla.1987).
Further, the evidence obtained from the expert was cumulative. The same evidence came from Johnson's own witness, Dr. Deblij. The sentencing order refers to Johnson's mental health in the terms used by Dr. Deblij. Therefore, even if we found any deficiency in appellate counsel's performance, it could clearly not have been so egregious that it undermined confidence in the correctness of the result. Neither prong of the ineffective assistance test is satisfied, and the claim is without merit.
In claim 13, Johnson argues that he was denied effective assistance of counsel as a result of the assistant attorney general's attacks on the credibility of Johnson's appellate counsel both at the reconstruction proceedings and on direct appeal. We have reviewed the record and find this claim to be without merit. Our decisions in this case were not affected by any personal exchanges between or about the attorneys; they were based solely on the evidence and law.
Claim 14 is also without merit. Johnson argues that the jury was improperly led to believe it could consider Johnson's second-degree murder conviction to support the existence of the "avoiding or preventing arrest," "cold, calculated, and premeditated," and "prior violent felony" aggravators, and counsel was ineffective for failing to raise this on direct appeal. The statements in question were part of the prosecutor's closing argument, which the jury was properly instructed did not constitute evidence. Further, the sentencing order clearly reflects that only the statutory aggravators were considered. Appellate counsel could not have been ineffective for failing to raise a meritless issue.
In claim 17, Johnson argues that appellate counsel was ineffective for failing to raise the sentencing court's refusal to find mitigating circumstances clearly set out in the record. In Johnson's 3.850 proceeding, we found that the "record also shows that the judge conducted an independent review of the aggravating and mitigating circumstances in determining that `under the evidence and the law of this State a sentence of death is mandated.'" Johnson v. State, 593 So.2d 206, 209 (Fla.1992). Because this issue is meritless, counsel could not have been ineffective in failing to raise it.
In claim 19, Johnson argues that appellate counsel was ineffective in failing to raise the improper arguments and instructions which diluted the jury's sense of responsibility for sentencing and relies for support on Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). This claim is also without merit. Caldwell did not issue until after Johnson's appeal was final; therefore any reliance on that decision is misplaced. Although trial counsel did not properly preserve this issue by objection at trial, we have examined the statements and find that the jury's sense of responsibility was not improperly diluted. Appellate counsel was not ineffective in failing to raise a meritless issue.
Finally, as claim 22, Johnson argues that the combination of procedural and substantive errors both at trial and on appeal cannot be harmless when viewed as a whole. This issue is without merit. Almost all of the errors alleged by Johnson rely either on the premise that the record was flawed and either omitted or failed to accurately represent portions of the proceedings below, or on the premise that the seventy-page limit this Court imposed on the direct-appeal brief prejudiced Johnson such that he was unable to appeal or effectively appeal several matters which did not fit within the brief. We have already rejected both of these arguments as barred or meritless. As previously discussed, the issues pertaining to the reconstructed record were fully litigated below, both on direct appeal and at the reconstruction hearing; we will not revisit them here. As to the page limitation, we have already examined that issue and determined that there was neither error nor prejudice to Johnson as a result. Because Johnson cannot rely on either of these two arguments, and because all issues which were not barred were meritless, we can find no cumulative error. This claim is meritless.
*268 For the reasons expressed, Johnson's petition for writ of habeas corpus is denied.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in conclusion only with an opinion.
ANSTEAD, Justice, concurring in conclusion only.
Although this Court has already rejected the claim, it is apparent to me that Justice Shaw was eminently correct in his prior assessment of the nature and extent of the grossly deficient record in this case:
The scope of our review necessitates access to a transcript which reflects more than the general gist of the proceedings, one which is more than `substantially accurate.' The record contains omissions; the entire voir dire and numerous changes and additions were inserted some year and a half after the proceedings, when memories admittedly were dim. Reversible error can turn on a phrase. Did it occur here? We cannot be certain.
Moreover, appellate counsel did not participate in the trial and is in the same predicament as we are regarding the transcript. In Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), involving a federal criminal prosecution, the Court stated
when ... new counsel represents the indigent on appeal, how can he faithfully discharge the obligation which the court has placed on him unless he can read the entire transcript? His duty may possibly not be discharged if he is allowed less than that. For Rule 52(b) of the Federal Rules of Criminal Procedure provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The right to notice "plain errors or defects" is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trail is ended.

Id. at 279-80, 84 S.Ct. at 426 (footnote omitted). In his concurrence, Mr. Justice Goldberg stated
appointed counsel must be provided with the tools of an advocate. As any effective appellate advocate will attest, the most basic and fundamental tool of his profession is the complete trial transcript, through which his trained fingers may leaf and his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law. Anything short of a complete transcript is incompatible with effective appellate advocacy.

Id. at 288, 84 S.Ct. at 431 (footnote omitted). When there is missing from a record a `substantial and significant portion' in a criminal appeal involving new appellate counsel, reversal is required even in the absence of a specific showing of prejudice. United States v. Selva, 559 F.2d 1303 (5th Cir.1977). The present condition of the transcript in this appeal, in my opinion, renders it the functional equivalent of a transcript with substantial and significant missing portions.
In my view an unequivocally accurate record of the proceedings below is required to enable counsel and this Court to ensure that justice is done.
I would reverse.
Johnson v. State, 442 So.2d 193, 198 (Fla. 1983) (Shaw, J., dissenting).
NOTES
[1] Claim 5 (ballistics) was point 2 on direct appeal and claim 5 in the 3.850 proceeding. Johnson v. State, 442 So.2d at 195; Johnson v. State, 593 So.2d at 210. Claim 6 (improper statements) was point 5 on direct appeal and claim 7 in the 3.850 proceeding. Brief for Appellant at 48, Johnson v. State, 442 So.2d 193 (Fla.1984); Johnson v. State, 593 So.2d at 208. Claim 21 (mandatory application of death penalty) was point 7 on direct appeal and claim 12 in the 3.850 proceeding. Brief for Appellant at 59, Johnson v. State 442 So.2d 193 (Fla.1984); Johnson v. State, 593 So.2d at 208.