PER CURIAM.
Appellant seeks reversal of an order denying his motion for postconvietion relief, which *389 had been filed under Florida Rule of Criminal Procedure 3.850. Because the record before us is factually insufficient to permit meaningful appellate review, we are obliged to reverse.
Appellant’s motion alleged that he had entered a negotiated plea to seven different charges, and was to receive a 15-year prison sentence that was to run concurrent with sentences imposed for crimes committed in Georgia but consecutive to sentences arising out of charges brought in Tennessee. Upon entering prison, however, he alleged that he was informed that he still had a 10-year Florida sentence to serve, from a conviction in Orange County, and that without an order from the sentencing court that the new sentence was to be concurrent with the existing sentence, the Department of Corrections would consider the sentences to be imposed consecutively.
In his motion appellant alleged that his lawyer had advised him, based on a document received from the Department of Corrections, that the Orange County sentence had expired, and therefore was not included in the negotiated plea. Had he known that the Orange County sentence still had to be served, and would be consecutive to the 15-year sentence he had negotiated, appellant alleged, he would not have entered the plea, and thus wished to withdraw it.
The trial court summarily denied appellant’s motion in an order that did not address the merits of appellant’s contention and which referenced certain exhibits that were not attached to the order and were not otherwise in the record. There is nothing in the record, then, that supports the summary denial. Accordingly, we reverse. See e.g. Bland v. State, 563 So.2d 794 (Fla. 1st DCA 1990), Walker v. State, 432 So.2d 727 (Fla. 3d DCA 1983). On remand, the trial court is instructed to develop a factual record, either by conducting an evidentiary hearing or to include with the order record materials that conclusively rebut appellant’s allegation that but for his lawyer’s honest mistake, he would not have entered the plea. Nothing in this opinion should be construed to prevent the parties from agreeing that all Florida sentences may be served concurrently.
MINER, ALLEN and LAWRENCE, JJ., concur.