W. SHARP, Judge.
Walker petitions this court for a writ of habeas corpus, claiming ineffective assistance of appellate counsel. We deny the petition because he has failed to demonstrate any entitlement to this extraordinary remedy.
Walker argues that his appellate counsel was ineffective because he failed to argue on appeal that the trial court erred when it cleared the courtroom of public attendees, while two minor victims (under the age of twelve) offered testimony regarding Walker’s alleged sexual offenses. He states that his trial counsel should have made specific objections to'the court’s clearing of the courtroom arid erred in not moving the court to make specific findings justifying such action.
These are not truly ineffective assistance of appellate counsel claims. Trial counsel did not object to the trial court’s actions, and thus appellate counsel cannot be ineffective for failing to raise them as points on appeal. See Johnson v. Singletary, 695 So.2d 263 (Fla.1996); Groover v. Singletary, 656 So.2d 424 (Fla.1995). Further, Walker fails to explain why he did not raise those issues in his ineffective trial counsel pleadings, filed earlier along with other claims in his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Walker v. State, 694 So.2d 755 (Fla. 5th DCA 1997).
In order to constitute ineffective assistance, appellate counsel’s omissions must be of such magnitude as to constitute a serious or substantial deficiency, which falls measurably outside the range of professionally acceptable performance, and the deficiencies must have compromised the appellate process to such a degree as to undermine the appellate court’s confidence in the correctness of the result. Haliburton v. Singletary, 691 So.2d 466 (Fla.1997). Walker’s convictions for fifteen acts of sexual battery on a child, and fifteen counts of lewd and lascivious acts on a child, were affirmed without opinion by this court. Walker v. State, 642 So.2d 1380 (Fla. 5th DCA 1994). In this ease, Walker has failed to show (nor has he alleged) that the outcome of the appeal would have been different had appellate counsel raised the errors in the appellate process.
Petition for Writ of Habeas Corpus DENIED.
GOSHORN and THOMPSON, JJ., concur.