PER CURIAM.
Glenroy Salmon appeals the trial court’s denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Salmon was charged with and convicted of three counts of armed robbery and one count of resisting arrest with violence. He was sentenced to forty-years imprisonment as a habitual offender on each count of armed robbery to run concurrently with a three year mandatory minimum sentence, and ten years on the resisting arrest with violence count. Salmon appealed the judgment of conviction and sentences and this Court affirmed the judgment and sentences on November 18,1998.
*149 In his motion for post-conviction relief, Salmon first argues that his trial counsel was ineffective for failure to adequately and timely present argument on the proper standard for severance. At trial, Salmon’s counsel raised the issue of severance based upon a Bruton violation[1] which the court dismissed by stating that the Bruton issue was inapplicable because Salmon’s co-defendant testified, affording Salmon an opportunity' to cross-examine the co-defendant. Salmon’s counsel further argued:
I would also put on the record, Judge, my analogy in this case would be that if co-counsel for either of the co-defendants ... suggests to the jury that my client was there with one of the other co-defendants, they are, in essence, testifying for their client. And therefore, ... because of the nature of this proceeding, I am prohibited from cross-examination .... I cannot make [the co-defendants] take the stand in this case even if their lawyer is [the] one that is pointing the finger at my client on their behalf.
As the record reflects, Salmon’s counsel argued the issue of severance below, albeit incorrectly labeled as a Bruton violation. As the issue was, in fact, raised before the trial court, counsel could not have been ineffective for failure to raise the issue of severance. Thus, Salmon could have raised the issue on direct appeal. Having failed to do so, he is now procedurally barred from raising it by way of petition for post-conviction relief. Fla. R.Crim. P. 3.850(c); see Johnson v. State, 593 So.2d 206, 208 (Fla.1992) (claims that could have been raised on direct appeal are procedurally barred in post-conviction proceedings); Medina v. State, 573 So.2d 293, 295 (Fla.1990)(post-conviction proceedings should not be used as a second appeal).
Salmon next argues that trial counsel was ineffective for failure to strike for cause or exercise a peremptory challenge against a juror because that juror’s response to two questions from counsel demonstrated his inability to be impartial. During voir dire, the jury panel was questioned concerning the burden of proof, to which the subject juror responded, arguably exhibiting partiality toward the prosecution, by stating that he would render a guilty verdict. After defense counsel rephrased the question and simultaneously explained the nature of the question to this juror, the juror responded “I think I understand, not guilty.” (emphasis added). At the very least, the juror’s response indicates that he was confused as to the meaning of the first question and was not necessarily acting prejudicially. In fact, defense counsel immediately asked the juror if he was “sure [he] understood.” Salmon also argues that this juror was partial toward the prosecution because he possessed a newspaper article entitled “How Dumb Can A Criminal Defense Be?”. However, the article was unrelated to Salmon’s case, and the court, in its discretion, refused to question the juror about the article. Furthermore, the record reflects that a security guard to whom the article was displayed by the juror testified that the juror did not discuss the case with him. Thus, these claims are insufficient to find that this juror lacked the requisite impartial state of mind to render a fair verdict. In any event, the issue could also have been raised on direct appeal. See Johnson, 593 So.2d at 208; Medina, 573 So.2d at 297.
Salmon finally argues that trial counsel was ineffective for failure to strike three other jurors because the jurors had a criminal record and were untruthful in their disclosures. This argument is unconvincing. First, the record reflects that, although the three jurors had been previously arrested, they were not convicted *150 felons, and the court, outside the presence of the other jurors, questioned each juror to the court’s satisfaction that their failure to disclose the arrests did not indicate partiality toward the prosecution. Second, the arrests do not necessarily indicate that the jurors were resentful toward the prosecution, but, instead, indicate that the jurors could be sympathetic to Salmon. In fact, the jurors stated that they were not resentful toward the prosecution or the criminal justice system. In any event, the jurors’ criminal records and non-disclosures are insufficient as a matter of law to vitiate the entire trial or render counsel’s representation so deficient as to warrant relief. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Affirmed.

. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held unconstitutional the introduction into evidence of a confession from a non-testifying co-defendant that incriminates another co-defendant and violates the right of confrontation.