SHARP, W., J.
We deny Williams’ petition for a belated appeal filed October 9, 2002 in this court. On advice of counsel, he dismissed his appeal from the criminal cases involved in this case.[1] Thus his convictions became final September 8, 2000. He also collaterally attacked those convictions by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850, claiming ineffective assistance of trial counsel. The denial of the motion was affirmed on appeal. See Williams v. State, 821 So.2d 1083 (Fla. 5th DCA 2002).
In this current proceeding, Williams argues his trial counsel and his appellate counsel were ineffective. His attack on trial counsel is successive. In addition, we find that Williams’ attack on appellate counsel’s ineffectiveness is time barred by the two-year statute of limitations, and his failure to allege any special factual basis that he was affirmatively misled about the results of his appeal.[2] Further, even if not *1102 time barred, the claimed omissions were not of such magnitude as to constitute a serious or substantial deficiency. See Teffeteller v. Dugger, 734 So.2d 1009 (Fla.1999); Johnson v. Singletary, 695 So.2d 263 (Fla.1996).
To the extent Williams is also asserting ineffective assistance of counsel in prosecuting the rule 3.850 motion, we are unable to recognize such a claim. See Shere v. State, 742 So.2d 215, 217 n. 6 (Fla.1999); State v. Riechmann, 777 So.2d 342, 364 n. 22 (Fla.2000).
Petition for Belated Appeal DENIED.
SAWAYA, J., and HARRIS, C., Senior Judge, concur.

. First degree murder (section 782.04(l)(a), Florida Statutes), armed burglary (section 810.02(1), (2)(b), Florida Statutes) and aggravated assault (section 784.021(l)(a), Florida Statutes).

. Fla. R.App. P. 9.141(c)(4)(B).