DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEON BALFOUR JOSEPH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1888

[October 7, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. 08-16628CF10A.

Daniel Tibbitt of Daniel J. Tibbitt, P.A., North Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

### _On Motion for Corrected Opinion, Clarification, and/or Rehearing_

MAY, J.

The State has filed a motion for a corrected opinion, clarification, and/or rehearing. We grant the motion for corrected opinion and clarification and deny the motion for rehearing. We withdraw our prior opinion and substitute this opinion in its place.

The defendant appeals an order summarily denying his motion and amended motion alleging ineffective assistance of counsel. He raises multiple issues. We find merit in ground thirteen of the initial motion (ground three of the amended motion). We therefore reverse and remand for an evidentiary hearing or the attachment of records refuting the claim. We affirm as to the remaining issues.

The underlying case arose out of the stabbing death of the victim. The victim confronted the defendant outside of the defendant's home after

learning that his estranged wife and their children were living with the defendant.

At the time of the incident, the defendant and the victim's estranged wife were leaving the house with the children.

The victim tried to grab the children, including a baby which the defendant was carrying. The two men began fighting. The victim punched the defendant in the mouth. The defendant then retrieved a knife from inside the house and returned to stab the victim to death.

The defendant initially told police that the victim brought the knife. He later admitted the knife was his. He claimed self-defense. The jury convicted him of manslaughter.

The State filed a pre-trial motion in limine to exclude evidence of the victim's history of domestic violence against his estranged wife. The record does not contain the arguments made nor the court's ruling. However, when the estranged wife testified at trial, the court repeatedly cautioned her against mentioning any prior instances of domestic violence. The court also rejected defense counsel's argument that the State opened the door to that testimony by asking the estranged wife about her separation from the victim.

On direct appeal, defense counsel argued the court erred in warning the estranged wife against testifying about the victim's history of domestic violence. However, counsel did not discuss the motion in limine or argue that the State opened the door to the evidence. We affirmed without opinion.

The defendant then filed a petition for habeas corpus arguing ineffective assistance of appellate counsel. We denied the petition.

In his rule 3.850 motion, the defendant raised several claims regarding trial counsel's handling of the victim's history of domestic violence. He argued counsel was ineffective for failing to: (1) object when the court warned the estranged wife against testifying about the victim's history of domestic violence; and (2) introduce evidence of the victim's reputation for violence and specific prior acts of violence.

He claimed the victim was verbally abusive and "repeatedly exacted brutal attacks" against the estranged wife and the children, including cutting the estranged wife with a knife, threatening to shoot her in the head, and hitting his daughter and locking her in a room when she called

2

the defendant "daddy." The defendant claimed the victim was arrested and placed on probation for several violent offenses. He alleged his estranged wife left the victim because of these incidents and told the defendant about them.

He argued this evidence should have been introduced in support of his self-defense claim and to show why he felt it necessary to use deadly force to defend himself, the estranged wife, and her children. He argues the State was able to portray the victim as "a peaceful man simply trying to reunite with his family after he had been callously left by his wife," when in fact he was extremely violent.

The defendant's claim that counsel was ineffective in failing to object when the court warned the estranged wife against testifying about the victim's history of domestic violence is a challenge to the trial court's rulings on the State's motion in limine and trial counsel's argument that the State opened the door to the evidence. These claims are procedurally barred because they could have been raised on direct appeal. *See Asay v. State*, 769 So. 2d 974, 989 (Fla. 2000) (quoting *Johnson v. Singletary*, 695 So. 2d 263, 265 (Fla. 1996)).

However, the defendant's claim that counsel was ineffective in failing to introduce evidence of the victim's reputation for violence and specific prior acts of violence other than domestic violence is sufficiently pled and not refuted by the record. Indeed, the State does not dispute that this type of evidence is generally admissible to support a self-defense claim. *See, e.g.*, *Antoine v. State*, 138 So. 3d 1064, 1075–76 (Fla. 4th DCA 2014).

In short, this claim was sufficient to warrant an evidentiary hearing or attachment of records to refute the claim. We therefore reverse and remand the case for that purpose. We otherwise affirm.

*Affirmed in part; reversed in part and remanded.*

LEVINE, C.J., and FORST, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3