689 So.2d 1287 (1997)
Joe Robert BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2109.
District Court of Appeal of Florida, First District.
March 25, 1997.
Joe Robert Brown, pro se.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Joe Robert Brown (Brown) appeals the summary denial of his first motion for postconviction relief, filed on July 28, 1995, pursuant to Florida Rule of Criminal Procedure 3.850. Brown alleges ineffective assistance of counsel. We affirm in part, and reverse in part.
A jury convicted Brown of trafficking in cocaine; this crime was committed on or before September 10, 1992. Brown was sentenced as an habitual offender to twenty years in prison, including a three-year mandatory minimum sentence, and to fines. This court affirmed per curiam. Brown v. State., 638 So.2d 939 (Fla. 1st DCA 1994).
Brown alleges in the instant rule 3.850 motion that he was prevented from testifying to his prejudice. The State, in its response to the court's order to show cause, provided facts with record citations which, if true, would refute Brown's claim. Neither the State nor the court however attached the relevant portions of the record. We have held that, where neither the state's response nor the trial court's order denying appellant's motion includes the portion of the record cited by the state in support of its factual allegations, reversal is required for attachment of the record conclusively demonstrating that appellant is not entitled to relief, or for an evidentiary hearing on the issue. Hubbard v. State, 662 So.2d 746, 746 (Fla. 1st DCA 1995); cf. Bland v. State, 563 So.2d 794 (Fla. 1st DCA 1990) (holding that, where the transcript is a part of the record before the appellate court and is relied upon by both the appellant and appellee, the trial court's failure to attach to its order the portions of the record relied upon for denial of appellant's rule 3.850 motion for postconviction relief is not reversible error). We consequently reverse because the order under review lacks attachments conclusively showing Brown is entitled to no relief and because the transcript *1288 is not part of the record before us. We agree with the observation of our sister court:
The growing practice of incorporating state responses into orders denying postconviction motions is not [a] substitute for the record attachments necessary in many cases for the trial courts to be affirmed. If trial judges want prosecutors to play a meaningful role in the summary denial of postconviction motions, they should direct the state to assemble the record which refutes a claim, and attach these documents to its responses.
Flores v. State, 662 So.2d 1350, 1352 (Fla. 2d DCA 1995).
The second issue Brown raises, that his jury was selected in a biased way and that his counsel was ineffective for failing to raise this, is barred. King v. State, 597 So.2d 780, 782 (Fla.1992) ("[a]llegations of ineffective assistance cannot be used to circumvent the rule that postconviction proceedings cannot serve as a second appeal"). We therefore affirm the denial of relief on this claim.
We accordingly affirm in part, reverse in part, and remand for either attachment of those portions of the record conclusively showing that Brown is entitled to no relief, or for an evidentiary hearing.
MINER, WEBSTER and LAWRENCE, JJ., concur.