PER CURIAM.
Appellant, Alonzo James Macon, appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, in which he raised four grounds for relief. He claims the trial court failed to afford his counsel an opportunity to respond to the jury’s request for the coroner’s and police reports and witness statements during deliberations. Appellant also claims ineffective assistance of counsel on three grounds: First, he claims his counsel failed to object to the State’s improper and highly prejudicial closing argument, which could have been a decisive factor in the jury’s verdict; he also claims his counsel failed to object to jury instructions where there was no evidence to support the instruction, thereby confusing and misleading the jury; and lastly, he claims ineffective assistance of counsel because, when given an opportunity to do so, his counsel did not object to the trial court’s refusal to provide the jury with the requested reports and statements. After the State responded to a show cause order, the trial court summarily denied the rule 3.850 motion. Although it states otherwise, the trial court’s order denying the motion contained in the record on appeal has no attachments.
We find Appellant’s first issue is without merit. However, as to the remaining three issues, we are unable to perform an independent review of the trial court’s determination without reviewing portions of record conclusively refuting Appellant’s claims of ineffective assistance of counsel. Goswick v. State, 658 So.2d 1215 (Fla. 1st DCA 1995). Accordingly, we must reverse and remand for the trial court to either attach portions of the record that would conclusively support its determination that Appellant is not entitled to relief on his *143 claims of ineffective assistance of counsel, or conduct an evidentiary hearing. Brown v. State, 689 So.2d 1287 (Fla. 1st DCA 1997).
REVERSED and REMANDED.
BOOTH, MINER and KAHN, JJ., CONCUR.