PER CURIAM.
The appellant challenges an order by which the trial court denied his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm in part and reverse in part.
The appellant raised three claims of ineffective assistance of trial counsel in his motion. One claim was summarily denied as conclusively refuted by the record and the other two were denied after an evidentiary hearing. Although we affirm the denial of the two claims addressed at the evidentiary hearing, we reverse the summary denial of the other claim because the trial court failed to attach the portions of the record that were referenced as conclusively refuting the claim. See generally, Macon v. State, 751 So.2d 142 (Fla. 1st DCA 2000). On remand, the trial court is directed to attach portions of the record conclusively refuting the claim or conduct an evidentiary hearing.
Additionally, while the motion was pending, and prior to the expiration of the two-year time limitation set forth in rule 3.850(b), the appellant filed an amended rule 3.850 motion. The trial court declined to address this amended motion and entered an order striking it. As the appellee has conceded, the trial court erred in failing to consider the amended motion. See Ramirez v. State, 854 So.2d 805 (Fla. 2d DCA 2003); Gaskin v. State, 737 So.2d 509 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004). Accordingly, on remand, the trial court is also directed to consider this amended motion.
AFFIRMED in part, and REVERSED in part.
ALLEN, WEBSTER, and BENTON, JJ., concur.