PER CURIAM.
Appellant appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse the order because the trial court neither elaborated on its reasons for denial, nor attached any portions of the record that refute the appellant’s allegations, without which we are precluded from conducting meaningful review. See Thomas v. State, 707 So.2d 1189 (Fla. 1st DCA 1998). The State, in its response to the court’s order to show cause, provided facts with record citations which, if true, would refute Lewis’s claims. However, the trial court did not incorporate the State’s response into its order, and neither the State nor the court attached those portions of the record which support the State’s contentions.
Accordingly, we reverse and remand for either attachment of those portions of the record conclusively showing that Lewis is entitled to no relief, or for an evidentiary hearing. See Brown v. State, 689 So.2d 1287, 1287 (Fla. 1st DCA 1997).
REVERSED AND REMANDED.
WEBSTER, ROWE, and MARSTILLER, JJ., concur.